## CENTRAL OF GA. RWY. CO. *v.* BRINSON & INGRAM.

It is indispensable to the rendition of a valid and binding judgment against a garnishee, condemning a debt which he owes to the plaintiff's debtor, that the situs of the debt should be within the jurisdiction of the court. As a general rule the situs of a debt is at the place where the creditor is domiciled.

Argued October 31, — Decided December 1, 1899.

Garnishment.   Before Judge Butt.   Muscogee superior court. May term, 1899.

*Little & Burts,* for plaintiff in error.
*J. H. Martin* and *W. H. McCrory,* contra.

Cobb, J.   Tony Tarver Sr., a resident of the State of Alabama, owed Brinson & Ingram, residents of Muscogee county, Georgia, a debt which was contracted in that county and State and was to be paid there.   They instituted proceedings by attachment, in a justice's court of Muscogee county, against Tarver as a non-resident, and on October 4, 1897, without having served him personally; caused summons of garnishment to be served upon the Central of Georgia Railway Company, seeking to condemn a debt due by that company to Tarver on a judgment which the latter had recovered on September 22, 1897, in the circuit court of Russell county, Alabama.   This judgment was affirmed by the Supreme Court of Alabama in the fall of 1898, and thereafter Brinson & Ingram took judgment by default against Tarver in the attachment proceeding in the superior court of Muscogee county, to which the garnishment and the attachment proceedings had been by consent appealed.   The Central of Georgia Railway Company is a corporation created and existing under the laws of this State, but operates lines of railway in the State of Alabama by its permission, one of which lines extends through the county of Rus-

sell in that State. After the affirmance of the judgment against it recovered by Tarver in Alabama, the railway company paid to Tarver the amount of such judgment. On the trial of the garnishment proceeding it was agreed that the only issue to be heard and determined by the court was whether or not the debt represented by the judgment which was recovered by Tarver against the railway company in Alabama was subject to the process of garnishment served upon it in this case. The judge decided that it was, and the railway company excepted.

It is a necessary prerequisite to the rendition of a judgment in a garnishment proceeding, condemning a debt, that the situs of the debt should be within the jurisdiction of the court. The question as to what is the situs of a debt in a given instance has become involved in some confusion by the numerous decisions upon this point. Mr. Rood in his work on Garnishment lays down the rule, which seems to be supported by numerous decisions, that, " Wherever the garnishee could be sued by the defendant for the demand, he may be charged as garnishee on account of it." § 245, and cases cited. On the other hand a large number of cases hold that the situs of a debt is the place where the debt is due and payable, which is impliedly the residence of the creditor. 2 Shinn, Att. & Gar. § 626, and cases cited ; Waples, Att. & Gar. § 100. See also the able opinion of Mr. Chief Justice Brickell of the Supreme Court of Alabama, in the case of Louisville & Nashville Railroad Company v. Nash, 23 So. Rep. 825, and the authorities therein referred to. While this court has never held that this was the only rule for determining the situs of a debt, it applied this test in the cases of *Kyle* v. *Montgomery*, 73 *Ga.* 337, and *Wells* v. *East Tennessee Railroad Company*, 74 *Ga.* 548. In the latter case it appeared that Wells resided in Tennessee, and the railroad company was indebted to him for labor performed in that State. His creditor sued out in this State an attachment proceeding against him as a non-resident, and garnished the railway company. The company answered that it owed Wells for services performed wholly in Tennessee, that he had brought suit in that State to recover the amount due him for these services, and that, notwithstanding it had pleaded the pendency of the garnish-

ment proceeding, he had recovered judgment against it. While it appeared that the railroad company was acting under charters from each of the States through which its road passed, it was dealt with as constituting but one corporation; and it was held that the garnishment proceeding could not be maintained, because the debtor had neither effects nor a debt due to its creditor in this State, nor had he any effects on which an attachment could be levied or to which the jurisdiction of the courts of this State could attach. In the opinion Justice Hall distinguishes the case of *Kyle* v. *Montgomery*, supra, saying that in that case " the defendant in attachment rendered service to a Georgia corporation under a contract entered into and wholly performed here. The debt was due to him from a party in this State over whom our courts had jurisdiction; he had effects here subject to attachment for his debts. In the case at bar, however, the very foundation for the attachment is wanting; the debtor has neither effects nor a debt due to him from the garnishee in this State; he has not and never had here any effects on which an attachment could be levied; there is nothing to which the jurisdiction of our courts could attach." It follows necessarily from this decision that the superior court of Muscogee county was without jurisdiction to render a judgment against the plaintiff in error in the present case.

*Judgment reversed. All the Justices concurring.*