## HENRY *v.* LENNOX–HALDEMAN COMPANY.

1. The giving of a bond by a defendant in attachment to dissolve a garnishment does not have the effect of converting the attachment proceeding into a suit authorizing a judgment in personam against the debtor.
2. A motion to dismiss an attachment against a non-resident, which has been executed by service of a summons of garnishment, upon the ground that no property or effects of or debt due the defendant within the jurisdiction of the court has been seized, is premature until the garnishee has filed an answer. And this is true notwithstanding a bond has been given to dissolve the garnishment.

Submitted May 1, — Decided July 23, 1902.

Attachment and garnishment. Before Judge Reid. City court of Atlanta. December 17, 1901.

*Kontz & Austin,* for plaintiff, cited, on situs of debt: 30 *Ga.* 440; 74 *Ga.* 548; Waples, Dr. & Cr. §§ 9, 55, 60, 148, 278; 3 N. Y. 132; 18 How. Pr. 412; 26 Id. 225; 14 Hun, 89; 84 N. Y. 367; 70 N. Y. 223; 15 N. Y. 71; 14 Am. & Eng. Enc. L. (2d ed.) 805. On jurisdiction: 90 *Ga.* 522, as well as cases referred to in the opinion.

*Simmons & Pettigrew,* for defendant, cited 2 Enc. Pl. & Pr. 612; 2 Shinn, Att. & Gar. §§ 671, 680; 44 Ala. 485; 109 Ala. 270; Civil Code, §§ 4718, 4767, 4775; 92 *Ga.* 333.

COBB, J. Henry sued out an attachment against the Lennox-Haldeman Company, upon the ground that it resided beyond the limits of the State; and this attachment was executed by the service of a summons of garnishment upon Griffith & Wells, returnable to the city court of Atlanta. At the appearance term the plaintiff in attachment filed a declaration, in which it was alleged that the defendant in attachment was a foreign corporation residing in the State of Illinois, and that it was liable to the plaintiff on account of certain injuries which had been sustained by him as a result of the negligence of the defendant; the manner in which the injuries

were sustained and their character being fully set forth in the declaration. It was also alleged that the defendant was engaged in the business of plastering the structure known as the Federal Prison in the county of Fulton, that the contract for the erection of that building was let by the government to Griffith & Wells, who had contracted with the defendant to do, for a fixed sum, all the plastering required in the construction of the building. The declaration concluded with a prayer for judgment against the defendant for a specified amount as damages, and that this judgment might be satisfied out of any money, property, or effects that might be in the hands of the garnishees above referred to. The defendant had filed a bond dissolving the garnishment. It entered a special appearance in the attachment case, and moved to dismiss the case for want of jurisdiction, upon two grounds: first, that the court has no jurisdiction over the person of the defendant; and, second, that the court has not acquired jurisdiction over any property of the defendant, nor has it seized any debt due the defendant within the jurisdiction of the court. The court sustained the motion and dismissed the case. To this judgment the plaintiff excepted.

We will first dispose of the first ground of the motion to dismiss. It is clear that the court had no jurisdiction of the person of the defendant at the time the attachment issued, it being a non-resident of the State. Whether it after that time acquired jurisdiction of the person of the defendant depends upon whether it has done any act which under the law of this State would have the effect to submit itself to the jurisdiction in such a way as to authorize a judgment in personam to be entered in the case. The Code provides: "When the defendant has given bond and security, as provided in this Code, or when he has appeared and made defense by himself or attorney at law, or when he has been cited to appear, as provided in this Code, the judgment rendered against him in such case shall bind all his property, and shall have the same force and effect as when there has been personal service, and execution shall issue accordingly, but it shall be first levied upon the property attached. In all other cases the judgment on the attachment shall only bind the property attached, and the judgment shall be entered only against such property." Civil Code, § 4575. The bond referred to in this section is the bond provided for in the Civil Code, § 4567, which is given by the defendant in attachment for the pur-

pose of replevying property attached, and is conditioned to pay the plaintiff the amount of the judgment and costs that he may recover in the attachment case.   The citation to appear, referred to in the section quoted, is the citation provided for in the Civil Code, § 4557, which requires a written notice of the pendency of the attachment and personal service of the same at least ten days before final judgment in the attachment case.   According to the plain provisions of the code, in no other way is a proceeding by attachment converted into a suit authorizing a general judgment in personam.   The giving of a bond to dissolve a garnishment issued on an attachment will not have that effect.   The case of *Moore* v. *Kelly*, 109 *Ga.* 798, 801, does not so rule.   The question dealt with in the second division of the opinion in that case was simply whether the movant had exercised due diligence in making the motion to vacate and set aside the judgment, and the language of the opinion must be taken in the light of the question under discussion.   As was there held, anything that would give notice of the pendency of a suit prior to the date of the judgment rendered should, on a motion to set aside the judgment, be considered on the question as to whether the movant was guilty of laches.   The court not having acquired jurisdiction of the person of the defendant, the correctness of the judgment dismissing the case depends upon whether any property of the defendant within the jurisdiction of the court has been seized under the attachment.

The attachment was executed by the service of a summons of garnishment, and the second ground of the motion to dismiss was based upon the assumption that the garnishees had no property in their possession in this State belonging to the defendant and owed the defendant no debt which was due and payable in this State. It does not appear from the record that the garnishees have filed any answer at all.   The dissolution of a garnishment by the giving of a bond does not relieve the garnishee from filing an answer, and no judgment can be entered in the garnishment proceedings until such an answer is filed.   Civil Code, §§ 4718, 4719; *Garden* v. *Crutchfield*, 112 *Ga.* 274.   Until the garnishees answer it is impossible to determine whether there be any property or effects in their hands belonging to the defendant, or any debt due by them to it, which can be seized by the courts of this State under attachment.   It may be that the garnishees have in their possession in

this State articles of property belonging to the defendant. If so, it is their duty under the law to answer, stating the facts, so that the court can determine what is the value of such property and thus arrive at what is the amount of liability upon the bond dissolving the garnishment ; or if the garnishees have in their hands no tangible property or effects of the defendant but are indebted to it in any sum, the answer should set forth the amount and character of the indebtedness, when due and where payable, so that the court may determine on this answer whether the debt due by the garnishees to the defendant is of such a character that it can be seized under attachment in this State. It was held in the case of *Central of Georgia Railway Co.* v. *Brinson,* 109 *Ga.* 354, which was followed in *Johnson* v. *Southern Railway Co.,* 110 *Ga.* 303, that the general rule is that the situs of a debt is at the place where the creditor is domiciled. Under this rule, if the garnishees are indebted to the defendant generally, without any agreement as to where it is to be paid, the situs of the debt would be at the residence of the defendant beyond the limits of this State, and the debt would not be subject to attachment in this State. On the other hand, if the debt is payable in the State of Georgia, the rule might be different. In any event, the court was not in a position to determine anything in reference to the case at the time the motion was made to dismiss, and will not be in such a position until the garnishees have filed their answer. The motion to dismiss, so far as the second ground of the same was concerned, was prematurely made, and the court erred in sustaining it. While the court had no jurisdiction to render a judgment in personam against the defendant, it did have jurisdiction to render an attachment judgment against any property of the defendant within the jurisdiction of the court which had been seized under the attachment, and whether any such property had been so seized could not be determined until the garnishee had answered and there was a final judgment on the answer.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*