## HIGH *v.* PADROSA (two cases).

1. As a general rule the situs of a debt is at the place where the creditor is domiciled.

2. A, declaration in attachment, based upon an attachment sued out against the defendant on the ground that he is a non-resident of the State, which alleges that the attachment has been executed by serving summons of garnishment upon a resident of this State, is amendable by averring that the debt due from the resident garnishee to the non-resident defendant is payable within the limits of this State.

3. A plea to the merits in an attachment case of the character above referred to, which is filed with a·distinct protestation that no jurisdiction has been acquired by the levy of the attachment, either of the person or property of the defendant, and which distinctly reserves the right to object to the jurisdiction of the court, does not have the effect to admit jurisdiction, and will not authorize a personal judgment against the defendant.

Argued February 16, — Decided March 4, 1904.

Attachment.    Before Judge Parker.    Glynn superior court. March 13, June 2, 1903.

Upon an attachment sued out by Padrosa against High, a resident of Florida, a summons of garnishment issued and was served on Torras, who answered that he had in his hands a named sum, the property of the defendant, which sum he was indebted to the defendant; and that he was not otherwise indebted, etc. The defendant, protesting against the jurisdiction of the court, entered a special appearance and moved to dismiss the entire proceeding, on the ground that in law the situs of the debt from Torras to himself was at his domicile and not within the jurisdiction of the court, and that nothing had been done to enable the court to acquire jurisdiction of his person or property. The plaintiff filed an amendment to his declaration in attachment, alleging that, by the contract between the defendant and Torras, the money caught by the garnishment was payable at Brunswick, Ga. This amendment was allowed, and the motion to dismiss overruled. The defendant excepted, alleging that the proceeding was void and there was nothing to amend, and that the motion to dismiss should have been sustained.

The defendant filed a plea to the jurisdiction, and, subject to this plea and to the motion to dismiss, pleaded to the merits, denying the allegations of the declaration in attachment and of the amendment to the same. There was a trial, resulting in a verdict for the plaintiff for the amount of damages claimed by him against the defendant, and in favor of the defendant on the question of jurisdiction. The defendant excepted to so much of the charge of the court as authorized the jury to find a verdict as a basis for a personal judgment against the defendant.

Citations in the briefs, beside those given in the opinion. Amendment: Civil Code, §§ 4564, 5097; 74 *Ga.* 1; 86 *Ga.* 186. Judgment in personam: Civil Code, §§ 4557-8, 5080-83, 4575; 92 *Ga.* 333; 95 *Ga.* 423; 117 *Ga.* 515. Situs of debt: 73 *Ga.* 337; 174 U. S. 710; 14 Am. & Eng. Enc. L. (2d ed.) 801.

*Ernest Dart,* for plaintiff in error. *W. E. Kay,* contra.

COBB, J. 1. In the case of *Central Railway Company* v. *Brinson,* 109 *Ga.* 354, which was followed in *Johnson* v. *Southern Railway Company,* 110 *Ga.* 303, each being a decision by six Justices, the rule that the residence of the creditor fixes the situs of the debt was recognized and applied in garnishment cases.

This rule was also applied in the cases of *Henry* v. *Lennox-Halde-man Company*, 116 *Ga.* 9, and *Beasley* v. *Lennox-Haldeman Company*, Id. 13, each being a decision by only five Justices. Application is now made to review the two decisions first mentioned. Respectable authority may be found on either side of the questions involved in this case; but, after diligent investigation and mature reflection, the court as constituted when the decisions referred to were rendered adopted and followed the line indicated in the opinions in those cases. Some of the members of the bench as at present constituted, the writer being among the number, are entirely satisfied with the conclusions then reached, and the decisions will have to stand until the time arrives when there are six Justices who feel disposed to take the contrary view. The case of *Molyneux* v. *Seymour*, 30 *Ga.* 440, is, upon its facts, not in conflict with anything ruled in the cases above referred to. While some of the expressions of Judge Lumpkin may apparently conflict with the principle laid down in those cases, that case at last, as will be seen by the concluding paragraphs of the opinion, turned upon the validity and regularity of a South Carolina judgment which had adjudicated the question that there was, at the time that judgment was rendered, an attachable debt within the limits of South Carolina, and the court simply held that full faith and credit would be given to this judgment.

2. The attachment was issued by an officer authorized to issue attachments, and was regular upon its face. The attachment was not void, and property of the defendant could be lawfully seized thereunder. Whether any of his property had been actually seized was a question that might arise during the progress of the case. The declaration in attachment, as originally filed, showed that that which had been seized under the attachment was a debt due by a resident to a non-resident. In this condition the declaration was demurrable. *Beasley* v. *Lennox-Haldeman Co.*, 116 *Ga.* 13 (2). Presumptively the debt referred to was payable in Florida. This presumption was rebuttable, and there was no reason why the plaintiff could not amend the declaration by alleging facts which would have the effect of rebutting the presumption arising from the silence in the original declaration as to the situs of the debt. See, in this connection, *Henry* v. *Lennox-Haldeman Co.*, 116 *Ga.* 12.

3. The defendant entered a special appearance for the purpose of raising objections to the proceedings. He filed a defense to the merits, but with a distinct protestation that he did not thereby admit jurisdiction of the court, either as to his person or as to the property in controversy, and distinctly reserved all right to object to the jurisdiction of the court at every stage of the case. A plea to the merits filed under such a reservation did not have the effect to admit the jurisdiction of the court, either as to the person of the defendant or as to the property in controversy. *Kahn v. B. & L. Assn.*, 115 *Ga.* 459 (3), and cit. See also *Associated Press v. United Press*, 104 *Ga.* 51. The court seems to have submitted to the jury at one time the question of jurisdiction and the questions raised by the plea to the merits. So far as the record discloses, there was no objection to this procedure. It would have been more regular to have submitted the question of jurisdiction separately and distinctly from the questions raised by the plea to the merits. But if the jury had been instructed that if they came to the conclusion from the evidence that the debt was not payable in Georgia they should return a verdict for the defendant on the question of jurisdiction and proceed no further with the case, no harm would have resulted from the irregular submission of the two issues at one time. It seems, though, that the judge instructed the jury, in effect, that if they found in favor of the defendant on the question of jurisdiction, this would be in effect a finding that the fund in controversy was not within the jurisdiction of the court, and that the plaintiff was not entitled to a judgment condemning it to the payment of his debt, but they could then proceed to find against the defendant the amount of the debt due, as a basis for a judgment in personam against him. Under the view we have taken of the case, we think these instructions were erroneous, so far as they authorized the finding of a verdict which should be the basis of a judgment in personam. The plea to the merits, having been filed under the circumstances above indicated, did not alone authorize the rendition of a judgment in personam; and nothing having been done either by the defendant or the plaintiff which would, under the law, authorize such a judgment, the judgment must be reversed.

*Judgment in the one case affirmed; in the other reversed.    All the Justices concur, except Simmons, C. J., absent.*