### GLOWER *v.* GLIDDEN VARNISH COMPANY.

CANDLER, J.  This case is identical in principle with those of *Henry* v. *Lennox-Haldeman Co.*, 116 *Ga.* 9, *Beasley* v. *Lennox-Haldeman Co.*, 116 *Ga.* 13, and *High* v. *Padrosa*, 119 *Ga.* 648.    Neither of the cases cited was decided by a full bench, but each of them is approved as announcing correct principles of law.        *Judgment affirmed.    All the Justices concur.*

Argued July 15, — Decided August 12, 1904.

Attachment.    Before Judge Reid.    City court of Atlanta. October 10, 1903.

An attachment against the Glidden Varnish Company, a non-resident corporation, was executed by service of summons

of garnishment on the Ware Manufacturing Company and others. The garnishee named answered that it owed the defendant a stated sum, of which only a stated part was due, and that the remainder "falls due in sums of various amounts, at intervals of about thirty days, the same being for merchandise; and when these bills mature, sight drafts are drawn, without exchange, and we pay them by checks on the Neal Loan and Banking Company, Atlanta, Georgia." By amendment to this answer it was stated, that "there was no agreement where the debt should be paid;" that "the indebtedness was for merchandise purchased without any stipulation as to the time of payment, . . but, as previously stated . . , payments have been made these parties by our check on the Neal Loan and Banking Company." The answers of the other garnishee did not state where the sums admitted to be due were payable. The defendant entered a special appearance in the attachment case, and moved to dismiss the attachment, for want of jurisdiction. The court sustained the motion, and the plaintiff excepted.

*Napier & Cox* and *J. T. Wright*, for plaintiff.
*Slaton & Phillips*, for defendant.