## NASHVILLE PRODUCE COMPANY *v.* SEWELL.

Where a draft drawn by a non-resident creditor on a debtor in this State was sent to a bank for collection, and before collection an attachment was sued out against the non-resident. creditor and levied by service of garnishment on the bank, and subsequently to such service the bank collected the draft, and in answer to the garnishment stated that at the time of the service it held, for collection and remittance to Nashville, Tenn., a certain draft drawn by the defendant in attachment upon a named person, who had afterwards paid the draft, the proceeds of which the garnishee held subject to the order of the court, the money in the garnishee's possession was tangible property subject to attachment, and did not constitute a mere debt due to the non-resident.

The cases of *Henry* v. *Lennox-Haldeman Co.*, 116 *Ga.* 9, and *High* v. *Padrosa*, 119 *Ga.* 648, are inapplicable to the present case.

Argued October 22,—Decided November 12, 1904.

Certiorari.   Before Judge Felton.   Bibb superior court.   May 30, 1904.

*Hardeman & Jones, E. P. Johnston*, and *Davis & Turner*, for. plaintiff in error.   *Malcolm D. Jones*, contra..

EVANS, J.   A. M. Sewell sued out an attachment against the Nashville Produce Company, alleging that it resided beyond the limits of the State.   A summons of garnishment was issued and served upon the First National Bank of Macon, which answered in the usual form that it had no property and was not indebted, " save and except that on September 2d, 1903, it held, for collection and remittance to Nashville, Tenn., a certain draft drawn by the Nashville Produce Company, of Nashville, Tenn., on C. E. Newton & Bro. ; that said C. E. Newton & Brother paid it $40.00, the amount for which said draft was drawn, and on September 2d the said First National Bank of Macon, Georgia, held the sum of

$40.00 for remittance to Nashville, Tenn., to the Nashville Produce Company, which said sum of $40.00 the said garnishee holds subject to the order of said court." The defendant in attachment dissolved the garnishment and made a special appearance at the trial, presenting its motion to dismiss the attachment, on the ground that the court had no jurisdiction of the person of the defendant, it being a non-resident, and that the court had not acquired jurisdiction over the property of the defendant nor seized any debt due to the defendant within the jurisdiction of the court. The justice of the peace before whom the case was tried overruled this motion, and, upon proof by the plaintiff of the correctness of the demand set forth in the attachment, entered a judgment for the amount admitted in the answer of the garnishee against the defendant and the security on the dissolution bond. The superior court overruled a certiorari sued out by the defendant in attachment; and the purpose of the present bill of exceptions to this court is to review that judgment. The justice's court would be without jurisdiction unless it appeared from the answer of the garnishee that property belonging to the defendant had come into the hands of the garnishee between the date of the service of the summons and the answer thereto. If the bank had collected the draft sent to it by the Nashville Produce Company and retained the money separate and distinct from its general funds, that money would be in the nature of a special deposit and would be the property of the defendant in attachment, subject as such to garnishment. If the garnishee did not retain the money collected on the draft as a separate and distinct fund held for remittance, but collected it in the ordinary course of its banking business and intermingled its proceeds with its general funds, intending merely to account to the defendant in attachment for the amount of the draft, then the relation of debtor and creditor would have existed between the bank and the defendant, and that debt could not have been reached by attachment and garnishment, for the reason that it was due and payable to a non-resident of the State. At the time this garnishment issued, the situs of a debt due to a non-resident was the domicile of the creditor. *Henry* v. *Lennox-Haldeman Co.*, 116 *Ga.* 9; *High* v. *Padrosa*, 119 *Ga.* 648. Since then, by the act of 1904, page 100, when an attachment is levied by service of garnishment, the situs of any debt due by the gar-

nishee to the defendant has been declared to be the residence of the garnishee in this State, and not that of the non-resident creditor. As this case was tried before the passage of the act of 1904, it is to be dealt with according to the law then existing.

Deposits made with bankers may be divided into two general classes, viz.: those in which the banker becomes the bailee of the depositor, the title to the thing deposited remaining with the latter; and those where money is the thing deposited in accordance with a custom peculiar to the banking business, where the depositor, for his own convenience, parts with the title to the money and loans it to the banker, and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand. Commercial Bank *v.* Armstrong, 148 U. S. 59. We can not supply by inference or otherwise the particular course of dealing which existed between the Macon bank and the defendant in attachment, or assume that there was any special contract between them respecting the manner in which collection of commercial paper should be made by the bank and the proceeds turned over to the defendant. The bank's answer admits in its possession, between the date of the service of the summons of garnishment and its answer, the sum of $40.00, which it held for remittance to Nashville, Tenn., to the defendant in attachment. When the summons was served upon the bank, the draft drawn by the Nashville Produce Co. upon its Macon debtor had not been collected. But the bank afterwards collected the draft, and when its proceeds came into the possession of the bank, it became possessed of property belonging to the defendant in attachment and held the same as agent of the defendant company. The relation between the Macon bank and the Nashville Produce Co., when the bank collected the money, was that of bailor and bailee, and not that of debtor and creditor. The service of the summons of garnishment gave the bank warning not to mingle with its general funds any money belonging to the defendant which might come into its hands thereafter; and, it seems, the bank gave heed to this warning and, when it collected the draft, kept the proceeds separate and distinct as a fund belonging to the Nashville Produce Co. The bank might have returned the draft to its non-resident customer and apprised it of the condition of affairs; but

when the bank elected to collect the money and thus receive tangible property belonging to the non-resident, the bank became liable to hold this fund subject to the direction of the court; and the reasoning of the cases cited supra does not apply.

There was no error in overruling the certiorari.

*Judgment affirmed.    All the Justices concur.*