## PADROSA *v.* HIGH.

1. Where a plea to the jurisdiction is filed, it is the better practice to try the issue raised by that plea separately from the issues raised by the plea to the merits ; but where, without objection, the issues raised by both pleas are submitted to the jury in the same trial, this court will not reverse a judgment overruling a motion for a new trial based on the contention that the submission of the different issues in the same trial was erroneous.
2. As a general rule the situs of a debt is at the place where the creditor is domiciled ; and where, on the trial of a garnishment proceeding, the controlling question is whether the debt sought to be reached by process of garnishment was due in Georgia or in Florida (the latter State being the admitted domicile of the defendant), it was not error to charge that if it appeared that the defendant was a non-resident, the burden would be upon the plaintiff to show that the debt was payable in this State.

Argued January 30,— Decided March 4, 1905.

Attachment.   Before Judge Parker.   Glynn superior court. August 9, 1904.

*W. E. Kay,* for plaintiff.   *Ernest Dart,* for defendant.

CANDLER, J.   This was a suit by attachment and garnishment in Glynn superior court.   The defendant claimed that the debt which the plaintiff sought to reach by the garnishment proceedings was due in Florida, and therefore that the court was without jurisdiction.   This question, which was a disputed issue of fact, was submitted to the jury along with the questions involved in the merits of the case.   The jury found for the plaintiff on the merits, but found that the court was without jurisdiction of the fund sought to be reached by garnishment ; whereupon the attachment and garnishment were dismissed and a general judgment was entered for the plaintiff for the amount of the verdict, the order reciting that the defendant had personally submitted himself to the jurisdiction of the court by appearing and pleading to

the merits. The plaintiff moved for a new trial, which was denied, and he excepted.

1. It is complained that the court erred in submitting to the jury on the same trial the two distinct issues as to the jurisdiction of the court and the merits of the case. As was said when this case was here before (*High* v. *Padrosa*, 119 *Ga.* 651), it would have been more regular to have submitted these issues separately. But in this case, as in that, it does not appear that any objection was made to this method of procedure at the time of the trial. The plaintiff, having gone into the trial in this manner without objection, will not now be heard to complain that it was illegal.

2. It was undisputed that the defendant, High, was a resident of Florida, and that the garnishee, Torras, was a resident of Georgia. In arriving at a verdict on the issue formed by the plea to the jurisdiction, it was only necessary for the jury to determine whether, under the peculiar facts of this case, the debt which Torras owed High was payable in Georgia or Florida. There was ample evidence to support their finding that it was payable in the latter State. "As a general rule the situs of a debt is at the place where the creditor is domiciled." *High* v. *Padrosa*, 119 *Ga.* 648, and cases cited. It was therefore not error to charge that if it appeared that the defendant was a non-resident of the State, the burden would be upon the plaintiff to show that the debt was payable in Georgia. On the trial of an issue of fact raised by a plea to the jurisdiction, the burden is upon the defendant to show that the court is without jurisdiction of the case. *Pyron* v. *Ruohs*, 120 *Ga.* 1060. In a case like the present, in view of the rule already announced, that burden is carried by showing that the defendant is a non-resident, and it is then incumbent upon the plaintiff to show that the rule is not applicable, and that notwithstanding the fact of non-residence the debt is payable in Georgia.

As stated in the motion for a new trial, there is practically no controversy as to the facts of this case. The rulings which we have announced settle the case on the vital issues involved, and for that reason it is unnecessary to consider the various grounds of the motion seriatim.

*Judgment affirmed. All the Justices concur.*