CENTRAL OF GEORGIA RAILWAY COMPANY *v.* COLLUM *et al.*

ATKINSON, J. 1. Since the passage of the act of 1904 (Acts 1904, p. 100), the situs of a debt for the purpose of garnishment is the residence of the garnishee.

2. Where a creditor sues out an attachment against a non-resident debtor, it may be executed by service of summons of garnishment. Civil Code, § 4534. And if the garnishee be a domestic railroad corporation, such garnishment may be made returnable before a court having jurisdiction of the subject-matter, in any county in which the corporation has an agent and a place of business. Civil Code, § 1901. The grounds of the motion to dismiss do not raise the point that the railway company did not have any officer or agent in the county where the suit by attachment was brought and the garnishment served, but only that there was no jurisdiction in such county, because the exclusive jurisdiction was in the county where the principal office of the garnishee company was located; and there was no error in overruling the motion to dismiss the garnishment, made by the garnishee before filing an answer. See *Henry* v. *Lennox-Haldeman Co.,* 116 *Ga.* 9 (42 S. E. 383).

*Judgment affirmed. All the Justices concur.*

Submitted February 13,—Decided March 27, 1908.

Garnishment. Before Judge Littlejohn. Schley superior court. June 2, 1907.

An attachment was sued out against the Louisville & Nashville Railroad Company, on the ground that it resided out of the State; and summons of garnishment, based thereon, was issued, directed to the Central of Georgia Railway Company, requiring the garnishee to answer at the April term, 1907, of the superior court of Schley county, to which the attachment was returnable. The officer's return of service recited that it was served personally on the agent of the Central of Georgia Railway Company, in charge of the office and place of business of said company in Schley county. At the April term of the court, the garnishee moved that the garnishment be dismissed, on the following grounds: "1st. Defendant is a non-resident of said State of Georgia, as appears from the attachment upon which the garnishment was issued. 2d. The garnishee, the Central of Georgia Railway Company, is a resident of Chatham county in said State of Georgia, such residence being fixed by the public laws of said State; and the superior and city courts of Chatham county, Ga., only, have jurisdiction of this garnishee in this garnishment proceeding. 3d. The superior court of Schley county is without jurisdiction to entertain such garnishment proceedings or to render judgment thereon, the garnishment having been issued upon an attachment based upon the non-residence of the defendant in this State, the residence of this garnishee being fixed by the public laws of this State in the county of Chatham in the State of Georgia, and the garnishee having no residence in the county of Schley, said State. 4th. The defendant being a non-resident, the situs of any debt that may be due to it by the garnishee is at the residence of the garnishee, which is in the county of Chatham, said State, the situs being so made by the act of the legislature approved August 13, 1904." The court overruled this motion, and the garnishee excepted.

W. D. Kiddoo and C. R. McCrory, for plaintiff in error.

A. J. Walters and Shipp & Sheppard, contra.