BAXTER & COMPANY *v.* ANDREWS, tax-collector.

1. A debt due by a resident of this State to a non-resident may be reached by garnishment proceeding sued out upon a tax execution issued by a tax-collector for a special tax due the State by such non-resident.
2. This is true notwithstanding the debt due the non-resident may have been payable in the State where the creditor of the garnishee resided.

Submitted February 11,—Decided July 22, 1908.

Garnishment. Before Judge Martin. Muscogee superior court. February 14, 1907.

A. B. Baxter & Company, Incorporated, the plaintiff in error, was, in the year 1904 from January until some time in February, engaged in Columbus, Georgia, as broker or dealer in futures. In February of the year 1904 Baxter & Company failed. The tax-collector issued a fi. fa. for the special State tax of $1,000, for that year. This fi. fa. was levied upon the office furniture of Baxter & Company, which was sold and the proceeds applied to the execution. No other property was found. While Baxter & Company were engaged in business, and up to the time and date of their failure, they transacted their banking business with the Fourth National Bank of Columbus, Georgia, as a depository. E. W. Wood was the local agent or manager up to the time of failure, and deposits were made in said bank in the name of A. B. Baxter & Company, Inc., and additional deposits were made in the name of E. W. Wood, manager of A. B. Baxter & Company, thus making

two deposits. The deposit in the name of A. B. Baxter & Company, was not subject to the check of the local manager, E. W. Wood, but it is set forth in the answer of the garnishee, the bank, that it was payable in New York, the residence of A. B. Baxter & Company, by New York draft, and sometimes by wire, upon the order of Baxter & Company from New York. The deposit was general and not special. "The money would be forwarded to Baxter & Company by New York check or by wire. The deposit was not checked against, but this garnishee, after such deposits were made, and after notification to the defendant in New York, would pay the same by its check on its N. Y. correspondent or by wire as requested." The deposit to the account of E. W. Wood, as manager of A. B. Baxter & Company, was subject to check by the local manager, though the deposit belonged to Baxter & Company, residents of New York. Andrews, tax-collector, upon the fi. fa. issued for this special tax, issued garnishments which were served upon the Fourth National Bank as garnishee, who answered in substance as above stated, but somewhat more in detail. Baxter & Company were non-residents of Georgia, and residents of New York. At the time of the service of the garnishments they had ceased to do business in Georgia; they had no agents in Georgia. The answer and the amended answers were not traversed or denied.

The defendant specially appeared and protested against the jurisdiction of the court, and moved for a dismissal of the garnishment proceedings, the grounds set forth in the motion being in substance as follows: (1) That it appeared from the answer of the garnishee, that Baxter & Company were non-residents of Georgia; that the garnishee was indebted to these non-residents on a general deposit payable in New York, which debt was sought to be reached by the garnishment proceedings; that the debt was a general deposit in the garnishee bank, constituting a loan; that the situs of the debt, the chose in action, due to Baxter & Company by the garnishee bank was with the creditor, Baxter & Company, in a foreign State, and was not within the jurisdiction of the trial court, the defendant having done nothing to enable the court to acquire jurisdiction of its personal property. (2) That the trial court was without jurisdiction to render a binding judgment condemning the debt or chose in action due to a non-resident defendant. The court overruled the motion, and the defendant excepted.

Andrews, tax-collector, introduced in evidence the tax fi. fa. with the entries of levy thereon, of the service of garnishments, and of the sale of personal chattels under the levy and the application of the proceeds to the reduction of the fi. fa., and, there being no other evidence, moved for a judgment against Baxter & Company and the surety on the bond dissolving the garnishment, and a judgment against the funds in the hands of the garnishee. Baxter & Company, still specially appearing for such purpose, objected to such judgments being rendered, upon the ground that the answer of the garnishee had not been traversed, and that Andrews, tax-collector, was not entitled to judgment upon such answer; that the defendant was a non-resident of Georgia, residing in the State of New York, and the debt due by the garnishee was due and payable in New York; that the court was without jurisdiction of the defendant, and without jurisdiction to seize such debt.

The court overruled the objections, and rendered judgment against the defendant and against the debt due by the garnishee. To this judgment defendant excepted.

*C. E. Battle,* for plaintiff in error.  *T. T. Miller,* contra.

BECK, J. (After stating the facts.)  1. The plaintiff in error, in the maintenance of the position taken by it, contends that under the laws of Georgia the situs of a debt is with the creditor; and that where it appears that the creditor is a non-resident, the courts of this State are without jurisdiction to entertain garnishment proceedings which seek to seize or hold the debt due to such non-resident. It is insisted that the rule just stated, relative to the situs of a debt, is general and capable of universal application under the decisions of our court. However varied and conflicting may be the decisions of other courts in this country touching the universal applicability of that rule, and several decisions of our court cited in support of the theory advanced, an examination of those cases shows that each of them which touches the question under consideration was an attachment case; but in several of them very broad language is used, broad and general enough in fact to support counsel for plaintiff in error in the position taken in his brief. In the case of *High* v. *Padrosa,* 119 *Ga.* 648 (46 S. E. 859), it was said: "In the case of *Central Railway Company* v. *Brinson,* 109 *Ga.* 354 [34 S. E. 597, 77 Am. St. R. 382], which was followed in *Johnson* v. *Southern Railway Company,* 110 *Ga.* 303 [34 S. E.

1002], each being a decision by six Justices, the rule that the residence of the creditor fixes the situs of the debt was recognized and applied in garnishment cases. This rule was also applied in the cases of *Henry* v. *Lennox-Haldeman Company,* 116 *Ga.* 9, [42 S. E. 383], and *Beasley* v. *Lennox-Haldeman Company, Id.* 13 [Id. 385], each being a decision by only five Justices. Application is now made to review the two decisions first mentioned. Respectable authority may be found on either side of the questions involved in this case; but, after diligent investigation and mature reflection, the court as constituted when the decisions referred to were rendered adopted and followed the line indicated in the opinions in those cases." But the case of *High* v. *Padrosa* is a case in which summons of garnishment issued in proceedings begun by attachment, and the cases cited in the decision under consideration were of a similar nature; and the rulings there made are not necessarily controlling in the present case. So far as we are advised, it has never been ruled in this State, in a suit where there had been personal service such as would authorize the rendition of a judgment and an execution in personam against the defendant, that, although the defendant might have been a non-resident of this State, a debt due him by a resident of this State, upon whom summons of garnishment could have been served, was not liable to be seized or held by garnishment proceedings properly sued out. Under the circumstances last supposed, the authorities for holding that garnishment proceedings could be maintained to seize and hold such a debt are numerous, and the reasons in support of them seem sound and conclusive. "For most purposes,—taxation, distribution, etc.,— it has long been a recognized and established fiction of law that their situs is at the domicile of the owner. It would seem almost impertinent to remark that this is a fiction merely, and that it is impossible, from the nature of things, for intangible property to have an actual location, were it not for the fact some courts and text-writers have at times appeared oblivious to it. Though it is not discussed in the opinion, Chancellor Kent, as early as 1809, seems to have taken it for granted that this fiction does not apply to debts when they are sought to be reached by garnishment in a jurisdiction where the owner does not reside. And the same doctrine has been recognized and applied tacitly, or positively and directly asserted, in almost every court of last resort in America to

which the question has ever been submitted since that time; so that, notwithstanding some dissent, and more obiter, we may lay it down as a general proposition that the residence of the defendant does not affect the question as to whether the debt should be considered as having a situs within the jurisdiction of the court for the purpose of garnishment, whether such principal defendant was personally served with process within the jurisdiction or not." Rood on Garnishment, §242. The writer from whose work the above extract was taken cites a large number of decisions directly in point. The same writer in a subsequent section of his work said: "It is impossible to bring harmony out of chaos. Let us for a moment consider the reason and nature of things. In its essential elements, a garnishment suit is a suit brought by the principal defendant against the garnishee, in the name and for the benefit of the plaintiff. The plaintiff is empowered by law to step into the shoes of the garnishee's creditor, and acquire his rights; no more, and no less. Whatever he could do, the plaintiff, under the statutory novation of garnishment, may do, as his assignee and attorney in fact, by operation of law. Wherever the garnishee could be sued by the defendant for the demand, he may be charged as garnishee on account of it. Other States must recognize this right, if they recognize garnishment at all. This would seem to follow as of course, and the writer offers it as his humble opinion that this is the only true solution of the matter. The following cases declare the doctrine, and to these the reader is referred." In addition to submitting several sound reasons for the conclusion reached, Mr. Rood again cites a large number of cases in support of the position taken by him. With a large number of strong authorities and well-reasoned cases holding that a debt due to a non-resident may be reached by garnishment proceedings, we are unwilling to extend the ruling made by this court in attachment cases, unless the issue in the case at bar is of such a nature as will necessarily bring it within the rulings made in those cases. And after a careful examination of the decisions by this court above referred to and the reasoning upon which they are based, we are of the opinion that they are not controlling upon the question raised in this record.

In the absence of personal service or notice, an attachment is a quasi proceeding in rem, or similar to such a proceeding. It depends entirely upon being levied by seizure or by garnishment. If

no property can be seized, it is of no effect. The process is mesne; and if a levy is made, the cause must proceed to final judgment. A tax execution is final, not mesne, process. No further proceeding is necessary upon it than to levy and collect it. It is more nearly analogous to an execution issued upon judgment in a common-law suit. The garnishment issued upon it is more like a garnishment based upon a final judgment. After this court had held that, in attachment cases, debts due to a non-resident did not have such a situs as to authorize seizure by garnishment as a basis for further proceedings, the legislature passed an act declaring that they should have a situs sufficient for that purpose. Thus the legislature evidenced an intention to fix the situs of a debt due by a resident debtor as sufficiently in this State to be subject to garnishment. (Acts 1904, p. 100.) It is true that the act of the legislature only in terms referred to attachment cases, but that was doubtless because the situs had only been declared in attachment cases not to be sufficiently located in Georgia to support a seizure by garnishment. The act of the legislature went as far as the decisions had gone. We hardly think that it was the legislative intent to declare that the situs of the debt should be in Georgia to such an extent as to furnish the basis for the entire litigation, and yet not sufficiently here to furnish a basis for a garnishment based upon final judgment, or upon a tax execution more nearly analogous thereto than to an attachment process. Moreover, it has been held that where a non-resident had an agent in Georgia who sold goods sent to him partly on a credit, took notes and forwarded them to the principal office, and they were collected there, or, if collected in this State, the proceeds were sent to the principal office out of the State, there was sufficient situs to authorize the taxation of such debts in this State. *Armour Packing Company* v. *Clark*, 124 *Ga.* 369 (52 S. E. 145). In the present case the execution was for taxes on account of the very business of the defendant in Georgia. The money (which apparently arose from the business) was deposited in a bank in this State. It does not appear that there was any specific contract for its payment elsewhere, but that the bank would telegraph to the defendant and would pay the money as directed, or honor its draft. Thus there was a tax due on account of the business in Georgia, final process issued therefor, on which a garnishment could be based under the statute, and money of the defendant deposited in a bank

in this State. This was on general deposit, and therefore might be called a debt of the bank. But we think that there was such situs in this State as to authorize a garnishment to be served upon the bank and to subject the accounts of such deposit.

*Judgment affirmed. All the Justices concur.*