### 8697. BAKER MERCANTILE CO. v. HANCOCK BROTHERS & CO.

GEORGE, J. 1. Where an attachment against a non-resident has been sued out in a justice's court and executed by service of garnishment only, and no notice has been served as provided in the Civil Code (1910), § 5103, and there has been no bond or appearance and defense, a general judgment against the defendant is void. *Parks* v. *Williams,* 137 Ga. 578 (73 S. E. 839), and cases there cited.

2. In such case a valid judgment against the defendant in attachment is a necessary prerequisite to a final judgment against the garnishee. *Fagan* v. *Jackson,* 1 Ga. App. 24 (57 S. E. 1052); *Americus Grocery Co.* v. *Link,* 116 Ga. 813 (43 S. E. 49).

3. In such case the justice's court is without jurisdiction to enter a judgment in rem until the garnishee has answered, or it has been judicially determined by judgment or verdict, on the trial of a traverse to his answer, that he is indebted to or has in his hands property or effects of the defendant. Where the garnishee in his answer denies that he is indebted to or has in his possession money or effects of the defendant in

attachment, jurisdiction of the suit depends upon the judgment or verdict sustaining the traverse to the truth of such answer. *Henry* v. *Lennox-Haldeman Co.,* 116 *Ga.* 9, 11 (42 S. E. 383); *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 499 (2) (55 S. E. 251, 115 Am. St. R. 108).

4. In such case the jurisdiction of the court over the non-resident defendant is in abeyance until the fact that there are effects in the hands of the garnishee appears by answer, or by judgment on a traverse to the answer. Where the attachment is executed by service of summons of garnishment only, no judgment can be rendered until it is made to appear to the court that the effects of the defendant have been seized under garnishment proceedings. *Albright-Pryor Co.* v. *Pacific Selling Co.,* supra.

5. In such case, therefore, it is necessary for the plaintiff to sustain his traverse to the answer of the garnishee, and on the trial of the issue formed by the traverse it is unnecessary for the plaintiff to show that he has obtained a judgment against the defendant in attachment. He can not in such circumstances obtain a valid judgment against the defendant prior to a judgment or verdict sustaining his traverse to the answer of the garnishee. *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 630 (57 S. E. 1074).

6. In such case, on the trial of the issue formed by the traverse to the answer of the garnishee, it was erroneous to admit in evidence, over the objection of the garnishee, an unauthorized and void general judgment entered against the defendant in attachment. While the void judgment was irrelevant, immaterial, and of no force, its introduction in evidence, under the facts in the present record, did not and could not prejudice the rights of the garnishee. The only issue for the jury was on the traverse to the garnishee's answer denying indebtedness to the defendant. That issue being found against the garnishee, it was the right and the duty of the court to hold the case against the garnishee in abeyance until final judgment was rendered against the defendant. *Parker-Fain Grocery Co.* v. *Orr,* supra.

7. After verdict sustaining the traverse to the answer of the garnishee, it was error to enter a final judgment against the garnishee, no valid judgment against the defendant in attachment having been rendered. It follows that the judge of the superior court erred in overruling the certiorari.

8. "When a suit is brought by attachment in this State against a non-resident of the State and the attachment is levied by service of summons of garnishment, the situs of any debt due by the garnishee to the defendant shall be at the residence of the garnishee in this State, and any sum due to the defendant in attachment shall be subject to said attachment." Civil Code (1910), § 5095. This section of the code changed the rule announced in *Central Railway Co.* v. *Brinson,* 109 *Ga.* 359 (34 S. E. 597, Am. St. R. 382), *Johnson* v. *So. Ry. Co.,* 110 *Ga.* 303 (34 S. E. 1002), *Henry* v. *Lennox-Haldeman Co.,* supra, and *Beasley* v. *Lennox-Haldeman Co.,* 116 *Ga.* 13 (42 S. E. 385).

9. The reversal of the judgment of the court below will not require a new

trial upon the traverse to the answer of the garnishee, since that verdict is sustained by the evidence in the record, and no legal reason appears why it should be set aside. If the result of the trial on the main issue is a judgment in favor of the plaintiff and against the defendant in attachment, then final judgment may be entered against the garnishee.

Judgment reversed. *Wade, C. J., and Luke, J., concur.*

DECIDED SEPTEMBER 13, 1917.

Certiorari; from Coffee superior court—Judge Summerall. March 2, 1917.

*B. T. Allen,* for plaintiff in error. *Levi O'Steen,* contra.