## DANFORTH *et al.* v. THOMPSON.

**Jurisdiction:** ON APPEAL: WAIVER OF OBJECTIONS: FOREIGN JUDG-MENT. A justice of the peace of the State of Wisconsin failed to render judgment on a verdict for plaintiff returned by the jury impaneled to try the cause. The defendant appealed to the county court, where both parties appeared and entered upon a trial of the cause, without any objection on the part of either that no appeal lay from the verdict of the jury; and judgment was rendered against plaintiff. *Held*, in an action in one of the courts of this State, on the transcript of such judgment and proceedings, that the appearance of the parties and their going to trial on the merits, gave the appellate court jurisdiction of their persons, and rendered its proceedings and judgment valid, it appearing that such court, under the laws of Wisconsin, would have had jurisdiction to try the cause had it been originally commenced there.

*Appeal from Floyd Circuit Court.*

MONDAY, JUNE 13.

THIS action is brought upon an alleged judgment of the county court of Sauk county, State of Wisconsin.

Trial by the court. Judgment for defendant. Plaintiffs appeal.

The further necessary facts appear in the opinion.

*Starr & Patterson* for the appellants.

*Pratt & Root* and *W. F. Fairfield* for the appellee.

MILLER, J. — The transcript of the judgment sued on, which is annexed to the petition as an exhibit, shows that an action was brought by J. G. Thompson, the appellee, against Calvin Danforth, before a justice of the peace of Sauk county, Wisconsin; that, on the trial before the justice and a jury, Thompson recovered a verdict for $48.95 and costs of suit. It does not appear that the justice rendered any formal judgment upon this verdict.

Danforth v. Thompson.

Calvin Danforth appealed the case to the county court, where the cause was again tried to a jury, both parties appearing. Upon the verdict of the jury, the county court rendered judgment for the defendant for $91.53. This judgment was subsequently assigned in writing to the plaintiffs in this action.

The only question presented is in respect to the jurisdiction of the county court of Sauk county, Wisconsin, to render the judgment sued on. It is urged that, under the statutes of Wisconsin, which are in evidence in the record, an appeal would not lie from the verdict of the jury in the justice's court, and that, therefore, the county court had no jurisdiction to try the cause on the appeal taken therein. It may be conceded that an appeal did not lie to the verdict, and that if the appellee had moved to dismiss, it would have been erroneous to entertain the appeal, and if the cause had been tried without any appearance by the appellee, the judgment of the court against him would probably have been entirely void. But, by the constitution and statutes of Wisconsin, which were read in evidence on the trial, the county court had jurisdiction of the subject-matter of the action. The action might have been brought originally in that court.

If it had so been brought the parties could certainly have waived process or notice and voluntarily appeared and tried the cause; such an appearance and trial would of itself amount to a waiver of notice, and the court would have had jurisdiction as fully as if the defendant had been brought into court by due legal process. At least this would be so, unless there is some statute of the State to the contrary, and none has been shown. Now the proceeding by appeal is but a different method of bringing an action in the county court, and if an appearance by the parties and a trial of an original cause in the county court, without service of notice or summons, would confer jurisdiction upon that court, we can see no reason why such an

appearance and trial of a cause upon appeal will not do so also. The record does not show that Thompson made any objection to the irregularity of the appeal, but he appeared and tried the cause before the court and jury upon the merits. Most certainly such appearance was a waiver of the illegality of the appeal; at least it must be so regarded in the absence of any statutory provision of Wisconsin to the contrary.

Consent will not confer jurisdiction when the court does not by the law, have jurisdiction of the *subject-matter*. *Smith* v. *Dubuque County*, 1 Iowa, 492; *Dicks* v. *Hatch*, 10 id. 380; *Walters* v. *The Molly Dozier*, 24 id. 192. But it is otherwise where the law confers jurisdiction over the subject of the action. Having this jurisdiction it is then only necessary to acquire jurisdiction over the parties. This is done by the service of summons, notice or other process upon the defendant. By this means he is brought before the court. If he voluntarily appears before the court and goes to trial upon the merits of the cause, the service of process is rendered useless.

The parties thus appearing are to all intents and purposes *before the court.* Its jurisdiction is complete. This is certainly so when the parties go to trial on the merits without objection to the process, or the want of it, or to the manner of bringing the action. In this State an appearance for any purpose connected with the cause, is a full appearance, and a complete waiver of notice. Rev. of 1860, § 2840, subd. 3; *Hale* v. *Van Saun & Hunt*, 18 Iowa, 16.

That it may be shown, in an action on a judgment rendered in a sister State, that the court rendering the judgment did not have jurisdiction to do so, is well settled by the decisions in this court. *Dunlop* v. *Cody*, 31 Iowa, 260, and cases there cited.

This is usually done by showing that the defendant was not served with process, *and did not appear*, or that the appearance for him by attorney was unauthorized.

But there is no case in this State, and none elsewhere that we have seen, holding that a foreign judgment can be avoided for the want of jurisdiction, when the record shows that the parties appeared and tried the cause on its merits.

It is argued that the county court that rendered the judgment sued on in this case is an inferior court, and its jurisdiction must appear of record. We have already seen that, by the laws of Wisconsin, it had jurisdiction of the subject-matter, and the record does show the facts conferring jurisdiction over the parties, as we have above seen. by the statutes of Wisconsin the county court is a court of record having a seal and a clerk. Its judgments, therefore, are entitled to the same faith and credit here as they are in that State. Its jurisdiction having been shown, its proceedings will be presumed as regular and conclusive as those of courts of general jurisdiction. *Long* v. *Burnett*, 13 Iowa, 28; *Davenport M. S. F. & L. Ass.* v. *Schmidt*, 15 id. 213; *Hart* v. *Jewett*, 11 id. 276. And see *Melhop & Kingman* v. *Doane & Co.*, 31 id. 397, and cases cited; *Edmonds* v. *Montgomery & Shaw*, 1 id. 143; *Hindman* v. *Mackall*, 3 G. Greene, 170.

The circuit court erred in rendering judgment dismissing plaintiff's action, and its judgment is

Reversed.