## BETSEY WROLSON *vs.* SIMON ANDERSON.

Submitted on briefs April 21, 1893. Affirmed June 16, 1893.

**Jurisdiction Acquired by Consent of Parties.**

    An unauthorized appeal to the District Court was taken from the judgment of a justice of the peace. The parties appeared in the district court, submitted to its jurisdiction, amended their pleadings, and consented to a trial of the case on a day fixed. *Held*, that the district court acquired jurisdiction to hear and determine the case on its merits, notwithstanding the irregular mode in which the case was brought into that court.

Appeal by plaintiff, Betsey Wrolson, from a judgment of the District Court of Stearns County, *D. B. Searle*, J., entered July 9, 1892, dismissing her action.

The plaintiff commenced this action before J. A. Berg, a Justice of the Peace at Belgrade, against Simon Anderson, defendant, to recover $20 damages for trespass on her land and cutting wood thereon without her consent. She obtained judgment December 13, 1889, for just $15, damages, and $25.05 costs. Defendant appealed to the District Court upon questions of both law and fact. He failed to enter his appeal on or before the second day of the May Term in 1890. Thereupon the plaintiff entered it, and had judgment affirming that of the Justice. Defendant soon after excused his default, and the court on August 30, 1890, vacated the judgment against him, and set the action for trial at the next term. On December 1, 1890, the defendant moved for leave to file an amended answer, and plaintiff asked leave to file an amended complaint. Both motions were · granted, and the new pleadings

were filed. Whereupon the case was by consent of both parties set for trial by jury. On the next day plaintiff moved to dismiss the appeal, on the ground that the District Court never acquired jurisdiction, as the judgment was for only $15 damages, and did not exceed that sum. 1878 G. S. ch. 65, § 113. This motion was denied, on the ground that both parties had appeared in the District Court, and submitted to its jurisdiction. The action was then tried in May, 1891, and plaintiff had a verdict for $16.73. Defend-- ant moved upon the minutes of the court for a new trial, and it was granted, because the verdict was not supported by the evidence.

The action was again noticed, and placed on the calendar for trial, and was reached for trial on May 28, 1892. The defendant was ready, and moved the trial, but the plaintiff being unprepared objected, and asked that the action be dismissed for want of jurisdiction. The court refused this motion, and granted the motion of defendant that the action be dismissed for want of prose- cution, and that he recover of plaintiff his costs and disbursements. These were afterwards taxed at $128.25, and judgment entered in his favor. From this judgment plaintiff appeals.

*Bruckart & Brower,* for appellant.

*G. W. Stewart,* for respondent.

VANDERBURGH, J. Judgment was rendered in justice's court against the defendant and in plaintiff's favor for the sum of $15 damages and costs. The case was appealed to the District Court upon questions of both law and fact.

The appellant having failed to enter her appeal on or before the second day of the term of the district court, judgment was ordered for the plaintiff respondent. Afterwards the defendant moved upon affidavits to vacate the order for judgment, and to rein- state the case on the calendar. The plaintiff appeared on the hear- ing, and resisted the application, which was, however, granted. On the 1st day of December, 1890, at a regular term of the court, the plaintiff applied for and obtained leave to amend her complaint, and defendant also amended his answer, and thereupon by consent of both parties the case was set for trial on the merits in the district court for December 9, 1890. Afterwards, upon December 2, 1890, the plaintiff moved to dismiss the appeal, which motion was denied, and

the case was thereafter tried by jury, and a verdict rendered, which was afterwards set aside, and a new trial awarded; and at a subsequent trial the action was dismissed on defendant's motion, for want of prosecution by the plaintiff.

It is now claimed by the plaintiff on this appeal that the judgment of dismissal was invalid for want of jurisdiction of the district court of the cause because the judgment of the justice, being for $15 damages, and not in excess of that amount, the case could not be brought to trial de novo on appeal in the district court. But the district court has original jurisdiction without respect to the amount in controversy, and had jurisdiction of the subject-matter of this action, if the parties voluntarily appeared and submitted the controversy to the court, which it is very clear they did do. After the pleadings were amended, and the case voluntarily set for trial, it was to late to move to dismiss, and the irregularity in the mode of bringing the case into that court in the first instance was waived. The parties appeared in the district court, and consented to the trial of a controversy, the subject of which was within the jurisdiction of the court. Why should the court stop to inquire into the preliminary procedure? The question involved is substantially covered by the cases of *Lee* v. *Parrett*, 25 Minn. 128, and *Anderson* v. *Hanson*, 28 Minn. 402, (10 N. W. Rep. 429.) And see *Danforth* v. *Thompson*, 34 Iowa, 243; *Mackey* v. *Briggs*, 16 Colo. 143, (26 Pac. Rep. 131.) Since the trial court was, strictly speaking, concerned only with the issues raised by the pleadings under which the trial was conducted, it is not material to inquire as to the effect of that trial upon the judgment attempted to be appealed from.

But we think it but reasonable to hold that the effect of such retrial was to abrogate such judgment by the implied consent of the parties.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 597.)