## RAMSDELL v. DUXBERRY.

Comp. Laws 1887, § 4892, provides that civil actions shall be commenced by service of summons; and section 4904 provides that from the time of the service the court is deemed to have acquired jurisdiction, and that a voluntary appearance of a defendant is equivalent to personal service of the summons on him. Held, that where a cause in justice court was, by agreement between the parties, transferred to the circuit court, and there tried, the latter court had jurisdiction, inasmuch as the voluntary appearance of the defendant was equivalent to the service of a summons on him. CORSON, J., dissenting.

(Opinion filed July 22, 1903.)

Appeal from circuit court, McCook county. Hon. JOSEPH W. JONES, Judge.

Action by H. A. Ramsdell against Hartwell Duxberry.

This action was first decided by this court in an opinion found in 14 S. D. 222, 85 N. W. 221, in which opinion the judgment of the trial court in favor of plaintiff was reversed and a dismissal of the action ordered. This opinion is upon a rehearing subsequently granted. The former decision is affirmed.

*J. N. Crow* and *J. L. Hannett,* for appellant.

*E H. Wilson,* for respondent.

HANEY, P. J. The questions presented by this appeal are stated in our former decision. Ramsdell v. Duxberry, 14 S. D. 222, 85 N. W. 221. The views therein expressed are adhered to, except as to the conclusion that the lower court was without jurisdiction because no summons in the action was actually issued. The court not only had authority to hear and determine the class of controversies to which the one presented by the pleadings belonged, but it had authority to hear and determine that particular controversy, provided the parties to be effected by its judgment had proper notice of the hearing. There was no want of jurisdiction as to the subject matter, the only question being as to the jurisdiction of the parties. In this state civil actions are commenced by the service of a summons. Comp. Laws 1887, §4892. "From the time of the service of the summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. A voluntary appearance of a defendant is equivalent to personal service of the summons upon him." Id. § 4904. In this case there was certainly a voluntary appearance of the defendant, which in the plain language of the statute, was "equivalent to the service of the summons upon him." In other words, by reason of defendant's voluntary appearance, a summons was, in law, personally served, and the action was, by operation of law, thereby commenced. The whole of anything embraces all of its parts. If a voluntary appearrnce is equivalent to personal service of a summons, it is equivalent

to everything involved in the personal service of a summons, including its preparation by the party or his attorney. With respect to civil actions in the circuit court, it is scarcely accurate to speak of the summons as being issued. It does not emanate from the court or its clerk. It is merely prepared and subscribed by the party or his attorney, and is of no consequence until served. The essential matter is the service—the giving of notice to the defendant. Notice is the important requisite of jurisdiction. Where there is a voluntary appearance and submission to the power of the court—an active invoking of its power—as in the case at bar, there is certainly no want of notice. Therefore, after more mature reflection, we are constrained to hold that the circuit court did have jurisdiction of both the subject matter and the parties to this action. This view, it is believed, rests on sound reason, and is less technical and less liable to cause uncertainty regarding the validity of existing judgments than the result reached in our former decision, while it does not sanction any invasion of substantial rights  Certainly the defendant in this action, who voluntarily submitted his controversy to the circuit court, with every opportunity of defense and appeal incident to litigation in that tribunal, and who raised no objection to the jurisdiction of the court until after its judgment went against him, has no just cause to complain if compelled to accept the view he would have strenuously maintained had he been successful.

The former decision of this court is modified as indicated herein, its former judgment is vacated, and the judgment of the circuit court is affirmed.

CORSON, J., dissents.