(105 N. W. 621.)

---

ROBERT RAE v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

Opinion filed November 2, 1905.

**General Power of Amendment — Same in Justice as District Court.**

1. The general rules governing the exercise of the discretionary power of the court with respect to allowing amendments to pleadings are the same in justice court as in district court.

**Same.**

2. It was not error in justice court to allow a complaint, which alleged that plaintiff's cattle had been killed by the negligent running of defendant's train, to be amended before trial so as to allege that the injury was due to the failure of the defendant to keep its right of way fence in repair.

**Same — Appeal from Justice Court — Specification of Error — Notice of Appeal.**

3. Where the specifications of error in the notice of appeal from a justice's judgment on questions of law only do not raise any ques-

tion as to the sufficiency of the pleading, that question cannot be raised on appeal, where the defect in the pleading is a mere defective statement of the cause of action or defense, as distinguished from a failure to show any right of recovery or defense.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Robert Rae against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment affirming a judgment in a justice court for plaintiff, defendant appeals.

Affirmed.

*Ball, Watson & Maclay,* for appellant.

The amendment proposed changed substantially the cause of action and should not have been allowed. 1 Enc. Pl. & Pr. 548, 569; Mares v. Wormington et al., 8 N. D. 328, 79 N. W. 441; Hansberger v. Railway, 43 Mo. 196; Box v. Chi., R. I. & P. Ry. Co., 78 N. W. 695; Exposition Cotton Mills v. Western A. Ry. Co., 10 S. E. 113; Bolton v. Georgia Pac. Co., 10 S. E. 352; City v. Hart et al., 57 Pac. 938; Swedish American National Bank v. Dickinson, 6 N. D. 222, 69 N. W. 455; section 5297, Rev. Codes 1899.

The judgment is void as the complaint does not state facts sufficient to constitute a cause of action. Wadsworth v. Union Pacific Ry. Co., 33 Pac. 515; Conway v. Railway, 19 Am. & Eng. Ry cases, 650.

*Barnett & Richardson,* for respondent.

The plaintiff, when damaged, can set out all the facts possible, which might have occurred or been proximate causes to the injury inflicted, and if he has omitted any, his right to amend is clear. Martin v. Luger Furniture Co., 8 N. D. 220, 77 N. W. 1003; Jeffersonville, Mo., I. R. R. v. Hendricks, Admr., 41 Ind. 48; Woodworth v. Thompson, 62 N. W. 450; Greer v. Louisville R. R. Co., 21 S. W. 649; Smith v. Bogenschutz, 19 S. W. 667; Smith v. Missouri R. R. Co., 56 Fed. 458; Buel v. Transfer Co., 45 Mo. 562; Kuhns v. Wisconsin R. R. Co., 40 N. W. 92; Wilhelms Appeal and Grubb's Appeal, 79 Pa. St. 120; Colley v. Gate City Coffin Co., 18 S. E. 817; Coby v. Ibert, 25 N. Y. Supp. 998.

Appellate tribunal will not review the action of the lower court in allowing an amendment, unless prejudice affirmatively appears. Martin v. Luger Furniture Co., supra; Scherar v. Prudential Co., 56 L. R. A. 611; Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310;

Dunn v. Bozarth et al., 80 N. W. 811; Central City Bank v. Rice, 63 N. W. 60; Swift v. Mulkey, 12 Pa. 78; Knott v. Taylor, 96 N. C. 553; Kirstein v. Madden, 38 Cal. 158; Cheney v. O'Brien, 10 Pac. 479; Enc. Pl. & Pr. 533.

Amendments are in the discretion of the court in furtherance of justice, and the statutes allowing it are to be applied liberally. Martin v. Furniture Co., supra.

ENGERUD, J. Plaintiff recovered judgment in justice court for damages for the negligent killing of some cattle by the defendant. The original complaint averred that the cattle' were run over and killed by reason of defendant's carelessness in the operation of its train. Before trial, and before defendants had filed any answer, the plaintiff was permitted to amend the complaint so as to allege that the negligence which caused the injury complained of was the fact that the defendant had neglected its statutory duty to keep in repair a fence erected by it on the line between plaintiff's pasture and the railroad right of way. The defendant objected to the allowance of the amendment on the ground that the matter alleged therein was a departure from the original cause of action and constituted a wholly new and different cause of action, which the defendant was not prepared to meet. After allowing the amendment the justice continued the case to a subsequent date. On the adjourned day the defendant again appeared and renewed its objection to the amendment of the complaint, and the objection was again overruled. The defendant thereupon stated that he declined to file any answer in the case, and would stand on the objections theretofore interposed. The justice heard the plaintiff's evidence and rendered judgment in his favor. The defendant appealed to the district court on questions of law, specifyifng as error the rulings of the justice allowing the amendment. The district court affirmed the justice's judgment, and defendant thereupon appealed to this court.

Appellant admits that the same general rules prevail in justice court as in district court with respect to the allowance of amendments, and we have recently so held in Morgridge v. Stoefer (decided at this term) 104 N. W. 1112. Appellant contends that it is never permissible to amend so as to add to or substitute for the original cause of action a new or different one, and that the amendment in this case was a violation of that rule, because the original complaint averred neglect of a common-law duty, and the amendment alleged omission of a statutory duty. It is doubtless true,

in a limited sense, that the amendment set forth a new and different cause of action and was a substantial departure from the cause of action originally alleged. The mere fact that the amendment constitutes a departure in pleading, or adds or substitutes a new or different cause of action in the strict sense of those terms, is no good reason for disallowing an amendment. The statute nowhere forbids such an amendment. It directs that amendments shall be allowed at any stage of the proceedings, "if substantial justice will be promoted thereby." Section 6666, Rev. Codes 1899. The only express statutory restriction with respect to the nature of the amendments to be allowed are those imposed by section 5295, defining failure of proof, and the last clause of section 5297, relating to amendments at or after the trial to conform to the proof. Section 5295 defines what shall be deemed a failure of proof, and in effect forbids amendments at the trial to cure a failure of proof. The last clause of section 5297 in effect forbids an amendment to conform the allegations to the proof, if the proposed amendment effects a substantial change in the "claim or defense." Subject to the restrictions just mentioned, it is the duty of the court to allow amendments whenever "substantial justice will be promoted thereby." The object of statutes of this character is to facilitate and insure a full, fair and speedy determination of the actual claim or defense on the merits by requiring the court to permit the pleading to be amended, if for any reason they do not fully and fairly present all the facts essential to the real merits of the claim or defense. It is clear, therefore, that an amendment of the complaint is not objectionable merely because it introduces a new or different cause of action in the technical meaning of that term. In Smith v. Palmer, 6 Cush. 513, in dealing with this question, it was said (page 519) : "New counts are not to be regarded as for a new cause of action, when the plaintiff in all counts attempts to assert rights and enforce claims growing out of the same transaction, act, agreement or contract, however great may be the difference in the form of liability as contained in the new counts. In such cases all the various counts are but variations in the forms of liability, which is the very purpose and object of amendments." See, also, Connell v. Putnam, 58 N. H. 335; Daley v. Gates, 65 Vt. 591, 27 Atl. 193; Mayor v. Gear, 27 N. J. Law, 265; Spice v. Steinruck, 14 Ohio St. 213. In this case the amendment alleged the same injury as the original complaint, but presented a different version of the manner in which the injury was caused and the

liability incurred. The defendant clearly suffered no prejudice by the amendment. It was offered before trial, and the adjournment thereafter taken afforded more time to prepare for trial on the new issues tendered than lapsed from the issuance of the summons until the return day. We accordingly hold that the discretion of the justice was properly exercised.

The sufficiency of the facts pleaded to constitute a cause of action is questioned for the first time in this court. No error covering that point was specified in the notice of appeal from the justice's judgment, and no objection to the sufficiency of the pleading was made in justice court. On appeal from a justice only those rulings can be reviewed which are specified as error in the notice of appeal. Section 6771a, Rev. Codes 1899. Without determining whether or not the sufficiency of a pleading is open to question without proper specifications, if it discloses that no cause of action or defense is set forth, it is sufficient to say in this case that the alleged insufficiency is a mere defective statement of the cause of action, rather than a failure to show any ground for recovery.

The judgment is affirmed. All concur.