### 6282.  WRIGHT *v.* THE STATE.

The charge of blackmail can only be preferred by indictment .or presentment of a grand jury, and it is not within the power of one accused of this offense to waive the court's lack of jurisdiction in advance of such action by a grand jury.

DECIDED APRIL 20, 1915.

Accusation of blackmail; from city court of Statesboro—Judge Proctor.  January 13, 1915.

*Francis B. Hunter,* for plaintiff in error.

*Homer C. Parker, solicitor,* contra.

RUSSELL, C. J.   Wright, after expressly waiving indictment or presentment by a grand jury and lack of jurisdiction in the city court of Statesboro, was tried therein on an accusation preferred against him for the offense of blackmail.  Upon the return of a verdict of guilty the defendant filed a motion in arrest of judgment, and attacked the jurisdiction of the court to try him for the offense of blackmail without an indictment or presentment of a grand jury first having been returned against him, even though he had expressly waived the same.  The only question which presents itself,

therefore, is whether one can, by waiver or consent, confer juris-
diction upon a city court to try him upon an accusation for the
offense of blackmail, as defined in section 118 of the Penal Code,
which section, after describing the offense of blackmail, provides
"that no court in this State shall have jurisdiction to inquire into
any case under this section before presentment made, or indict-
ment found, by the grand jury of the county in which the offense
has been committed." We are of the opinion that he can not.
Jurisdiction is the power of hearing and determining causes and
doing justice in matters of complaint. This code section says that
*no* court shall have such power in cases of blackmail except upon
indictment or presentment by a grand jury. Jurisdiction of the
subject-matter is the power to deal with the general subject in-
volved in the action,—in the present case the crime of blackmail;
and such jurisdiction is given only by law and can not be con-
ferred by consent. 17 Am. & Eng. Enc. Law, 1060. "Jurisdiction
of the subject-matter of a suit can not be waived." *Watson* v.
*Pearre,* 110 *Ga.* 320 (35 S. E. 316). See also *Blocker* v. *Boswell,*
109 *Ga.* 230 (34 S. E. 289) ; *Smith* v. *Ferrario,* 105 *Ga.* 51, 54 (31
S. E. 38). Jurisdiction which is not given to a court by law can
not be conferred upon it by waiver or consent of the parties; much
less can such waiver or consent confer jurisdiction in cases where
the jurisdiction is expressly or impliedly inhibited by the consti-
tution, by statute, or by policy of the law. See 8 Enc. Dig. Ga.
Rep. 375-376. Parties can not by consent or stipulation invest a
court with jurisdiction or power not authorized by law or conferred
upon it by constitution. 11 Cyc. 673, citing *Georgia Mutual Loan
Asso.* v. *McGowan,* 59 *Ga.* 811; *Central Bank* v. *Gibson,* 11 *Ga.*
453; *Commissioners of Pilotage* v. *Low, R. M. Charlt.* 298. Sec-
tions 385, 386, and 387 of our Penal Code, describing certain other
misdemeanors, are followed in section 388 by the same proviso
relative to indictment or presentment as is the description of
blackmail in section 118, and it was said in *Flint* v. *State,* 12 *Ga.
App.* 172 (76 S. E. 1032), that the offenses there described "can
not be tried on accusation." See also *Progress Club* v. *State,* 12
*Ga. App.* 174 (76 S. E. 1029). One of the essential prerequisites
of the trial of a case of blackmail is that an indictment or present-
ment be first returned; and until this is done *no* court has juris-
diction to try such a case. Not only upon a strict construction of

criminal law (and all criminal law must be strictly construed), but upon the authorities above cited, we must hold that the court erred in overruling the motion to arrest the judgment.

Our peculiar statute in regard to blackmail was evidently based upon a controlling public policy designed to prevent troubles that might be bred by various neighborhood Rancy Sniffles; but whatever the object, the mandate is plain. *Judgment reversed.*