## O. T. BENSON, Respondent, v. JAMES E. GRESSEL, Appellant.

(168 N. W. 649.)

**Justice of the peace — jurisdiction of — objection to — summons — given name of defendant in title — different name in body — motion by defendant for change of venue — waives such objection — general appearance.**

1. Where an objection is made to the jurisdiction of the justice court on

the ground that the summons issued therefrom gives the proper first or given name of the defendant in the caption of the summons and a wrong given or first name in the body of the summons, the objection to the jurisdiction is waived where the defendant subsequently makes a motion for a change of venue supported by an affidavit signed by the defendant, the motion for a change of venue and the affidavit supporting it constituting a general appearance of the defendant in the case.

**Justice court — action in — party moving for change of venue — usual affidavit made — change must be made — jurisdiction.**

2. Where a party to an action in the justice court makes a motion for a change of venue and supports such motion by an affidavit signed by the party, such change of venue must be granted. After the making of such motion and the filing of such affidavit, the justice court has no further jurisdiction.

**Justice court — appeal from — to district court — on questions of law only — powers of district court — may order case reopened — trial on merits.**

3. Upon an appeal from the justice court to the district court on questions of law only and from a reversal of the judgment of the justice court, the district court may, under § 9164, Compiled Laws 1913, direct the case to be reopened and placed upon its calendar for trial on issues of fact, by so providing in its order, reopening the case.

Opinion filed July 25, 1918.

Appeal from the District Court of Oliver County, North Dakota, Honorable, *J. M. Hanley*, Judge.

Affirmed.

*Oliver Leverson*, for appellant.

The appeal being on questions of law alone, the district court had no authority to order the case reopened and to stand upon the calendar for trial on the merits. The justice court having no jurisdiction, and appeal being on questions of law only, the district court had only jurisdiction to order a reversal of judgment of the justice. Comp. Laws 1913, § 9164.

*John J. Garrity*, for respondent.

On appeal to district court from the judgment of a justice court on questions of law only, the district court may order the case reopened and direct that it be retained and placed on the calendar for trial. Comp. Laws 1913, § 9164.

The necessary effect of a reversal of the judgment of the justice is to

reopen the case for trial upon its merits in the district court. The case should not be remanded to the justice court. Olson v. Shirley, 12 N. D. 106, 96 N. W. 297; Grovenor v. Signor, 10 N. D. 503, 88 N. W. 278.

GRACE, J. This action is one originally commenced in the justice court before Arthur A. Smith, justice of the peace of Oliver county, North Dakota. The action was to recover the sum of $30 for professional services claimed to be rendered by the plaintiff and rendering professional services as physician to the wife of the defendant.

The summons was issued out of the justice court, and in the summons were stated the facts constituting plaintiff's cause of action. The right name of the defendant is James E. Gressel. In the caption of the summons the name was given as James E. Grossel, in the body of the summons the name of John E. Gressel was inserted. The appellant, in effect, claims that the insertion of the wrong first or given name in the body of the summons operated to defeat the justice court of any jurisdiction. There might be some merit to this claim were it not for the further fact that subsequent to the issue and service of the summons on James E. Gressel, in the body of which summons was inserted John E. Gressel, the defendant James E. Gressel, on the 6th day of August, 1915, made a motion and affidavit in support thereof in an application for a change of venue from said justice of the peace. On the 12th day of August, at which time the summons was made returnable, Mr. Graf, acting in place of Attorney Leverson for the defendant, moved to dismiss the action on the ground that the summons was addressed to John E. Gressel, and services not made on John E. Gressel. Motion to dismiss was opposed by the counsel for the plaintiff on the ground that the right name, James E. Gressel, was in the caption of the summons, and that the return of the service shows the summons was served upon James E. Gressel.

We are of the opinion that the defendant, under the above showing, submitted himself to the jurisdiction of the court and thus waived the irregularities in the summons of which he complains. In other words, he made a general appearance in court, and thus conferred jurisdiction upon the court even if the court had no jurisdiction theretofore.

If the defendant upon his special appearance had made a motion to

dismiss the case upon the ground that the court had no jurisdiction by reason of the insertion of the wrong name in the body of the summons, and did nothing more, that is, if he had not subsequently made his motion in application for a change of venue, he would have been in a position to raise the question of jurisdiction by his special appearance; but having made his motion and filed his affidavit for a change of venue, that constituted a waiver of any irregularity in the summons, and was a submission by the defendant to the jurisdiction of the court, and constituted a general appearance in court for all purposes. The defendant having made a motion and filed an affidavit for a change of venue, the affidavit being signed by the defendant, he had an absolute right to a change of venue, and it was the plain duty of the justice court to grant such change of venue. After the making of the motion and the filing of the affidavit for a change of venue, the justice court thereafter had no jurisdiction to render judgment against the defendant.

The defendant appealed to the district court on questions of law alone. The district court properly set aside the judgment of the justice court on the ground that the justice court had no jurisdiction to enter judgment, and ordered that the case be reopened and stand for trial on issues of fact raised by the summons and such answer as the defendant may serve and file within twenty days after the service of the order of the district court upon defendant's attorney. Under § 9164, Compiled Laws 1913, the district court, in directing the case to be reopened and placed upon its calendar for trial on issues of fact in the manner in which its order provided, proceeded legally, and its order so made was in harmony with the section of our Code above pointed out. The following cases heretofore decided by this court are in point: Olson v. Shirley, 12 N. D. 106, 96 N. W. 297; Grovenor v. Signor, 10 N. D. 503, 88 N. W. 278.

The judgment appealed from is affirmed, with costs.