ROLANDO v. DIST. COURT OF SALT LAKE COUNTY

No. 4671. Decided October 6, 1928. (271 P. 225.)

*Frazer & Wallis,* of Salt Lake City, for plaintiff.

*A. C. Cole,* of Bingham, and *C. A. Gillette,* of Salt Lake City, for defendant.

CHERRY, J.

This is an original proceeding in this court brought by the plaintiff to review and annul an order made November 25, 1927, by Hon. Chris Mathison, judge of the district court of Salt Lake County, in an action for divorce then and there pending between James Rolando, plaintiff, and Mary Rolando, defendant, whereby the defendant in that action was awarded a judgment against the plaintiff, "for the use and benefit of her attorneys, in the sum of $150."

From the record certified here in response to the writ issued herein, it appears that on April 18, 1927, James Rolando, commenced an action in the district court of Salt Lake county against his wife, Mary Rolando, for a divorce upon the grounds of cruelty. At that time the defendant in that action and one minor child were living in Italy. Later defendant came to Salt Lake City and through her attorneys made a voluntary appearance in the action. Proceedings were had whereby the plaintiff was required to pay his wife $125 per month temporary alimony and "$200 attorney fees for defendant's attorney." No complaint is made of this order.

A demurrer to the complaint, filed on behalf of the defendant by her attorneys, was heard and sustained by the court. An amended complaint was filed by the plaintiff to

which an answer was filed by the defendant. Subsequently and on November 5, 1927, the defendant's attorneys served upon plaintiff's attorneys a motion, by and in the names of the attorneys for the defendant, for an order requiring plaintiff to pay to them additional attorney's fees upon the grounds that they had prepared for and were ready for trial; that at the time the first order was made allowing $200 attorney's fees it was understood and agreed that a further order would be made at the conclusion of the action; that the property involved amounted to the sum of at least $35,-000; that the plaintiff and defendant had adjusted their difficulties and desired the action to be dismissed. An order was prayed for directing the plaintiff to pay to the attorneys for defendant the sum of $300, and upon his failure to do so that judgment be rendered "in behalf of said attorneys and against the plaintiff for the sum of $300.

On November 10, 1927, a notice was served upon plaintiff's attorneys that the foregoing motion would be called up for hearing before the court on November 12, 1927. On November 12, 1927, the record shows a minute entry as follows:

"The defendant's motion for attorney fees comes on regularly for hearing, no one appearing in behalf of the plaintiff and C. A. Gillette and A. C. Cole appearing in behalf of the defendant. The said motion is submitted to the court by defendant's attorney without argument, and being so submitted it is ordered that the plaintiff pay the defendant $150 for defendant's attorney fees in full."

On November 25, 1927, the court made and entered a formal order denominated a judgment in the action, whereby it was "ordered, adjudged and decreed that the defendant herein have judgment against the plaintiff herein for the use and benefit of her attorneys in the sum of one hundred fifty ($150.00) dollars."

We dismiss all considerations which relate to mere irregularities or legal errors in the proceedings questioned and limit the review to the question of whether the district court

exceeded its jurisdiction in making the order complained of, and whether the plaintiff had an appeal therefrom.

Jurisdiction is the right to adjudicate concerning the subject-matter in a given case, to constitute which there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue. A court cannot go out of its appointed sphere and make orders with respect to persons, who are strangers to its proceedings. *Munday* v. *Vail,* 34 N. J. Law 418; *Reynolds* v. *Stockton,* 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464.

In the instant case, the motion upon which the order is based was made by and in the name of the attorneys for the defendant and for their individual benefit. The statement in the motion itself, "that plaintiff and defendant have adjusted their difficulties and desire that this action be dismissed," precludes the idea that the parties to the action had or were making any claims against each other. That the order was made in favor of the defendant, "for the use and benefit of her attorneys," cannot alter the ultimate fact that the real parties who applied for and obtained the relief mentioned were the attorneys for the defendant in their individual and not their representative capacities. The substance of the proceedings was that the court, upon motion of persons not parties to the action, made an order directing the plaintiff to pay them one hundred fifty dollars for attorny's fees. A similar order in *Sharon* v. *Sharon,* 75 Cal. 1, 16 P. 345, was declared "irregular and void." No valid judgment can be rendered for or against one who was not a party to the action, and a judgment so given is void as far as concerns the person improperly included in it, 33 C. J. 1106.

We think it clear that the attorneys in whose favor the order was made were not parties to the action, and were

not made such by their summary motion. There are proceedings by which additional persons may properly be brought in as parties to actions, notwithstanding the objections of one or both original parties, but until such is ordered by the court the jurisdiction of the court is limited to the claims of the parties before it, for and against each other. For this reason the order complained of was without jurisdiction and void.

That such an order is not a final judgment and that no appeal lies therefrom has been heretofore decided by this court. *In re Kelsey*, 12 Utah 393, 43 P. 106.

The order is annulled.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.