[File No. 6937]

RUSSELL BRYAN and WALDO BRYAN, Doing Business under the Tradename of ECONOMY CAB COMPANY, Respondents, v. ABE MILLER, Appellant.

(16 NW(2d) 275)

488

Opinion filed Nov. 1, 1944. Rehearing denied Nov. 28, 1944

*F. E. McCurdy,* for appellant.

*J. K. Murray,* for respondent.

CHRISTIANSON, J. This is an appeal from a judgment of the district court dismissing an appeal from a justice court. The action was brought to recover damages to an automobile alleged to have resulted from a collision occasioned by the negligence of the defendant. The defendant made default and, on August 30, 1943, plaintiff recovered judgment against the defendant for the amount demanded in the summons, viz: $197.15 and costs. On September 13, 1943, the defendant served upon the attorney for the plaintiff a notice of appeal, a verified answer, and an "undertaking on appeal." These papers were filed with the clerk of the district court on the same day. The undertaking was executed in the name of the defendant by his attorney. It contains the

provisions prescribed by law for an undertaking on appeal from the justice court, but it was not executed by any surety. However, the undertaking contained recital that: "In lieu of surety on this undertaking the said Abe Miller is depositing the sum of One hundred dollars in cash with the Clerk of the District Court of Burleigh County, North Dakota, as surety and from which any costs are to be paid on the appeal."

The action instituted in justice court was entitled "Russell Bryan, doing business under the trade name of Economy Cab Co. v. Abe Miller." On January 20, 1944, the attorneys for the respective parties entered into the following written stipulation:

| "STATE OF NORTH DAKOTA<br>COUNTY OF BURLEIGH | In District Court<br>Fourth Judicial District |
|---|---|
| Russell Bryan, doing business<br>under the trade name of<br>Economy Cab Company,<br>Plaintiff<br>v<br>Abe Miller, Defendant | Stipulation |

It is hereby stipulated between the above parties that W. W. Bryan, may be added as a party-plaintiff to the above entitled action and that it may be deemed that he was party-plaintiff at the time the action was commenced.

Dated at Bismarck, North Dakota, January 20, 1944.

> J. K. Murray
> Attorney for Plaintiff
> Bismarck, North Dakota
> F. E. McCurdy
> Attorney for Defendant
> Bismarck, North Dakota."

The case appeared upon the calendar of the regular February, 1944 term of the district court of Burleigh County, and came on to be heard on February 4, 1944. At that time, according to the transcript of the

proceedings made by the official stenographer, transmitted with and as a part of the record on appeal, the following proceedings were had:—

"The Court: The case of Russell Bryan, doing business under the trade name of Economy Cab Company vs. Abe Miller is called for trial. Is plaintiff ready for trial?

Plaintiff's Attorney: I ask the Court to make an order in compliance with that stipulation adding an additional party plaintiff.

Defendant's Attorney: We don't care how many you have in it, Judge.

Plaintiff's Attorney: This is an appeal from Justice Court.

Defendant's Attorney: We served an Answer.

The Court: Get your pleadings and write them in, so we will have a record of them.

Plaintiff's Attorney: The pleadings will be the same.

The Court: Have you got your pleadings?

Plaintiff's Attorney: You don't need pleadings in Justice Court.

The Court: You do when you get in District Court. Have you an Answer?

Defendant's Attorney: I have a written answer. This was just appealed the last day; nobody knew anything about it so we served an Answer at that time.

The Court: I think it would be a good idea to file your complaint and file same after we have a recess.

Plaintiff's Attorney: It is the same thing as in the summons.

The Court: I don't see an item of negligence alleged in the summons.

Plaintiff's Attorney: You don't need to allege it.

The Court: If you don't, it is new to me. I will permit you to file a complaint a little later. The title of this case may be amended pursuant to stipulation that has just been filed with the Clerk of Court under date of January 20th, 1944, and just now filed, making W. W. Bryan together with Russell Bryan, as a party plaintiff. Do I understand, Mr. Murray, they constitute and are doing business under the name of the Economy Cab Company, the two of them?

Plaintiff's Attorney: Yes, just the two of them.

The Court: That is agreeable to both counsel, and that will be the order.

Plaintiff's Attorney: Before a Jury is called, plaintiff moves to dismiss the appeal on the following grounds:

First: The Court has no jurisdiction of the subject-matter of this action;

Second: This is an appeal from the Justice Court to the District Court, and that an undertaking on appeal with sureties is a statutory requirement in order to give the Court jurisdiction over the subject-matter on an appeal;

Third: That the defendant and appellant has not furnished such a bond or undertaking. That he has merely furnished the bond signed by the Attorney for the defendant as agent for the defendant without any sureties. That he has attempted to use instead of a bond, a cash deposit, and the requirements of the statute have not been complied with, . . . . . .

Thereafter, some discussion followed in which the court and counsel for the plaintiff and counsel for the defendant participated. In the course of. such discussion defendant's counsel stated that he had personally made the deposit of $100 with the clerk of the District Court. On being asked whether he had a receipt for the money paid to the clerk, defendant's counsel stated that he thought he filed the receipt with the clerk. He further said: "I don't remember, Judge, whether I gave him the money and receipt both, but I think under the statute he is required to deposit the money with the County Treasurer. I don't think there is any dispute, when the Clerk of Court gets his record up, that the money was deposited. Counsel came in here and has voluntarily submitted himself to the jurisdiction of this Court. He has asked for an amendment to amend his parties, which amendment was consented to and the order made by the Court, so that whether there was ever an action before or whether there ever was an appeal taken is immaterial. Both parties are here appearing by their counsel, and the Court has jurisdiction regardless."

Thereupon the court announced its decision. The court stated that the receipt in the clerk's file showed that a deposit of $100 had been turned over to the county treasurer by the clerk on September 14, 1943;

that this was the only deposit that had been made in this case; that it appeared that at the time the appeal papers were served no deposit had been made. The court concluded that no undertaking as prescribed by law had been served or filed and that no deposit as prescribed by law had been made and ordered that the appeal be dismissed.

The statutes relating to appeals from justice court, provide:

"Any party dissatisfied with a judgment rendered in a civil action in justice court, whether the same was rendered on default or after a trial, may appeal therefrom to the district court of the county at any time within thirty days after the rendition of the judgment. The appeal is taken by serving the notice of appeal and a copy of the undertaking; and in case of default judgment a copy of the proposed pleading shall be served with the notice and undertaking, on the adverse party or his attorney and by filing the notice of appeal together with the undertaking required by law with the clerk of the district court of the county in which the appeal was taken; . . . ." Section 9163, Comp. Laws 1913, amended by chap. 234, Session Laws 1935.

"To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by sufficient surety to the effect that the appellant will pay all costs which may be awarded against him on the appeal not exceeding one hundred dollars, which undertaking shall be approved by and filed in the office of the clerk of the district court of the county to which the appeal is taken." Id. § 9165.

It is provided by § 9168, Comp. Laws 1913, that the appellant in lieu of an undertaking, may "deposit with the clerk of the district court in whose office the notice of appeal is required to be filed, who shall give a receipt therefor, a sum of money equal to the amount for which such undertaking is required to be given and in lieu of the service of such undertaking serve a notice of the making of such deposit. Such deposit and notice shall have the same effect as the service of the required undertaking and be held to answer the event of the appeal upon the terms prescribed for the undertaking in lieu of which the same is deposited."

In this case the appellant served and filed a notice of appeal, an "undertaking on appeal", and a verified answer. These papers were all served and filed on September 13, 1943. The instrument, denom-

inated "undertaking on appeal" was clearly insufficient as an undertaking on appeal, as it was not executed by any surety, but it contained a statement to the effect that the appellant "in lieu of surety on this undertaking . . . is depositing the sum of one hundred dollars in cash with the Clerk of the District Court . . . as surety and from which any costs are to be paid on the appeal." No notice of deposit, other than that given by the recital in the "undertaking on appeal" was served or filed.

Under the decisions of this court, the undertaking on appeal from a justice court is jurisdictional and must be served and filed within the time fixed by the statute. Richardson v. Campbell, 9 ND 100, 81 NW 31; Deardoff v. Thorstensen, 16 ND 355, 113 NW 616; Great Northern Exp. Co. v. Gulbro, 38 ND 352, 357, 165 NW 513, 514; Stonehouse v. Smith, 49 ND 124, 190 NW 314. It follows that where a party who desires to appeal elects to make a deposit in lieu of an undertaking, the making of the deposit and service of "notice of the making of such deposit" are likewise jurisdictional.

This is not a case, however, where there was a total failure to serve and file the appeal papers within the time prescribed by the law; nor is it a case where the appellant has sought to evade the requirement that he give certain security for the payment of the costs of the appeal in the event the appellant does not prevail. Judgment was rendered in the justice court on August 30, 1943. Notice of appeal, verified answer, and "undertaking on appeal" were served and filed September 13, 1943. Deposit of the sum of one hundred dollars was made on September 14, 1943. These acts were all done within the time prescribed by law for taking an appeal. Formal notice of the making of deposit was not given but, as said, there was a statement in the "undertaking on appeal" to the effect that "Abe Miller is depositing the sum of one hundred dollars in cash . . . as surety and from which any costs are to be paid on the appeal." The deposit was not a nullity. If the case had proceeded to trial and had resulted in judgment in favor of the plaintiff, the deposit which the defendant had made would have stood as security for the payment of the liability incident to the unsuccessful appeal.

The practice adopted by the appellant was faulty. The instrument

labeled "undertaking on appeal" was insufficient as an undertaking on appeal for want of surety. Any purpose it may have served was as a notice of the making of deposit. Whether it can be said there was such substantial compliance with the law relating to appeal as to give the appellate court jurisdiction (Parrish v. Menz School Dist. 57 ND 616, 223 NW 693) or so that the defects might be remedied or waived (Great Northern Exp. Co. v. Gulbro, supra), we need not determine; for, in our opinion, the proceedings had in the district court operated to vest the district court with jurisdiction of the controversy without regard to the validity of the appeal.

The appeal was taken under the provisions authorizing a new trial in the district court. It is provided that in such cases "the action shall be tried anew in the district court in the same manner as actions originally commenced there." Comp. Laws 1913, § 9172. In such cases the district court, in effect, becomes vested with original jurisdiction of the cause, if the subject-matter thereof is one within the jurisdiction of the justice court, and the district court has the same power as in actions or proceedings instituted originally in that court and may allow amended or supplemental pleadings to be filed, or parties to be added. The judgment rendered after trial is that of the district court, and the judgment of the justice court is superseded thereby. Where the object of an appeal is to try the case anew in the district court on its merits and not to review errors of law, the taking of an appeal is equivalent to an appearance and gives the district court jurisdiction over the person, whether the service of the process before the justice court was sufficient for that purpose or not. William Deering & Co. v. Venne, 7 ND 576, 75 NW 926; 2 Enc Pl & Pr 614. See also State v. Russell, 18 ND 357, 121 NW 918.

Appellate jurisdiction is derived from constitutional or statutory provisions and can be exercised only in the manner prescribed. 2 Standard Enc Proc 129, 134; 4 CJS 116. An appeal divests the trial court of jurisdiction over matters necessarily involved in the review proceeding and confers such jurisdiction upon the appellate court. 2 Am Jur 849 et seq. Appeal and Error; 4 CJS 89 et seq.. Appellate jurisdiction being dependent on the law it cannot be conferred by consent of the parties. Northern States Power Co. v. Railroad Com'rs. 68 ND

367, 279 NW 820. These rules apply to the appellate jurisdiction only and do not apply to the original jurisdiction of a court that is vested with both original and appellate jurisdiction. Ramsdell v. Duxberry, 17 SD 311, 96 NW 132; Wrolsen v. Anderson, 53 Minn 508, 55 NW 597; Payne v. Davis, 2 Mont 381; Las Animas County v. Stone, 11 Colo App 476, 53 P 616; Randolph County v. Ralls, 18 Ill 29; Smith v. District Ct. 4 Colo 235; Danforth v. Thompson, 34 Iowa 243. See also Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 ND 597, 154 NW 654; 4 CJS 125 et seq. The constitution (North Dakota Const. § 103) provides, "The district courts shall have original jurisdiction, except as otherwise provided in this constitution, of all causes both at law and equity, and such appellate jurisdiction as may be conferred by law." This constitutional provision confers upon district courts two distinct classes of jurisdiction: 1. Original jurisdiction, which is subject only to such limitations as are prescribed by the constitution itself; and, 2. Appellate jurisdiction, which is subject to such limitations as may be prescribed by law. Under the first grant of power, "The district court is a court of general jurisdiction" and "has power to determine all controversies or questions of difference which can possibly be made the subject of civil action." Trott v. State, 41 ND 614, 618, 171 NW 827, 4 ALR 1372; Lobe v. Bartaschawich, 37 ND 572, 164 NW 276; Brissman v. Thistlethwaite, 49 ND 417, 192 NW 85; Rasmusson v. Schmalenberger, 60 ND 527, 533, 534, 235 NW 496, 499.

The statute provides for two types of appeal from the judgment of a justice court—an appeal may be taken either (1) on questions of law alone, or (2) upon questions of both law and fact and a trial anew had in the district court. Comp. Laws 1913, §§ 9164, 9172. When an appeal is taken on questions of law alone, the appellant must specify "in his notice of appeal the errors of law complained of," and "only such errors in law as are specified with reasonable certainty in the notice of appeal" may be reviewed on such appeal. Section 9164, supra; Rae v. Chicago M. & St. P. R. Co. 14 ND 507, 511, 105 NW 721; Hanson v. Gronlie, 17 ND 191, 115 NW 666; Whitmore v. Behm, 22 ND 280, 133 NW 300.

A procedure which provides for the trial anew of a case on appeal,

voke the power of the court to try and determine the issues in the case on the merits. "It is a universal rule, which admits of no exception that if the court has jurisdiction of the subject-matter, a general appearance gives jurisdiction over the person." 2 Enc Pl & Pr 639. 3 Am Jur 803 et seq, Appearances.

All the powers of a court must be derived from the government which created it, and they are limited by the constitutional or statutory provisions which confer the powers. 14 Am Jur 365. Whether a court has authority to hear and determine any particular action is dependent upon whether it has jurisdiction over the subject-matter, and over the parties. Smith v. Potter, 92 Neb 39, 137 NW 854, 138 NW 1135; Brown v. Brown, 155 Tenn 530, 296 SW 356, 358; Rolando v. District Ct., 72 Utah 459, 271 P 225; 14 Am Jur 365, Courts.

Jurisdiction of the subject-matter is derived solely from the law and can, in no event, be conferred by the consent of the parties. 3 Am Jur 802, Appearances, 14 Am Jur 365, 380, 381, Courts. Whether a court has jurisdiction of the subject-matter is dependent upon whether, under the constitution and laws, the court has authority to hear and determine causes of the general class to which the particular cause belongs. "Jurisdiction of the subject-matter is the power to deal with the general subject involved in the action. It can be given only by law and cannot be conferred by consent." Wright v. State, 16 Ga App 216, 84 SE 975; Woodward v. Ruel, 355 Ill 163, 188 NE 911, 913; State ex rel. Furstenfeld v. Nixon (Mo) 133 SW 340, 342. If the law gives the court jurisdiction of the subject-matter, jurisdiction of the parties may be conferred by consent. 3 Am Jur 803, Appearances; 14 Am Jur 386, 387, Courts; State ex rel. Furstenfeld v. Nixon, supra; Brown v. Brown, 155 Tenn 530, 296 SW 356, supra; Dexter & Carpenter v. Kunglig Jarnvagsstyrelsen (CCA2d) 43 F(2d) 705, 707.

The district court by the express provisions of the constitution is vested with jurisdiction to try and determine causes of the class and nature of the one involved here. This jurisdiction is embodied in the constitution and may not be limited or restricted by the legislature. State ex rel. Wright v. Barney, 133 Neb 676, 276 NW 676.

If it be true that a defendant who has not been served with legal process by invoking the aid of the court in a matter affecting the pro-

In Lyons v. Miller, 2 ND 1, 48 NW 514, this court held that although the justice of the peace before whom the action was instituted failed to acquire jurisdiction for want of legal service of summons, the defendant, by demanding a new trial in the district court on an appeal from such judgment, conferred jurisdiction upon the district court to try the action on its merits. In the opinion in that case this court said: "The defendant himself invoked the jurisdiction of a new tribunal, not for the purpose of correcting an erroneous ruling on the question of jurisdiction, but to have the issues litigated upon the merits. He demanded a new trial in his notice of appeal, and under the statute such demand is an appeal to the district court to hear and determine the cause on the merits. Comp. Laws, § 6131. It is not entirely logical for him to repudiate a jurisdiction he has invoked, not for the special purpose of reversing an erroneous ruling on the question of jurisdiction, but for the purpose of a trial of the action on the merits in a new tribunal. The district court had jurisdiction of the person of the defendant when he himself invoked the jurisdiction generally, and the cause, therefore, should have been tried upon the merits."

It will be noted the court predicated the jurisdiction of the district court upon the fact that the appellant by demanding a new trial in the district court invoked the power with which that court was vested to try and determine the case on its merits. If, in that case, the defendant had appealed on questions of law alone and specified error on the ruling of the jurisdictional question, no jurisdiction would have been conferred upon the district court to try the case anew. If the district court had sustained the ruling of the justice of the peace, the judgment of the justice would have been affirmed. Rae v. Chicago M. & St. P. R. Co. 14 ND 507, 105 NW 721, supra; Hanson v. Gronlie, 17 ND 191, 115 NW 666 supra; Whitmore v. Behm, 22 ND 280, 133 NW 300, supra. If the district court had found that the objection to jurisdiction should have been sustained, the action would have been dismissed. Miner v. Francis, 3 ND 549, 58 NW 343. It was the demand for a new trial in the district court which conferred jurisdiction upon the district court to try the action even though the justice court had no jurisdiction to try the action or render judgment at all. The making of such demand constituted a general appearance and operated also to in-

voke the power of the court to try and determine the issues in the case on the merits. "It is a universal rule, which admits of no exception that if the court has jurisdiction of the subject-matter, a general appearance gives jurisdiction over the person." 2 Enc Pl & Pr 639. 3 Am Jur 803 et seq, Appearances.

All the powers of a court must be derived from the government which created it, and they are limited by the constitutional or statutory provisions which confer the powers. 14 Am Jur 365. Whether a court has authority to hear and determine any particular action is dependent upon whether it has jurisdiction over the subject-matter, and over the parties. Smith v. Potter, 92 Neb 39, 137 NW 854, 138 NW 1135; Brown v. Brown, 155 Tenn 530, 296 SW 356, 358; Rolando v. District Ct., 72 Utah 459, 271 P 225; 14 Am Jur 365, Courts.

Jurisdiction of the subject-matter is derived solely from the law and can, in no event, be conferred by the consent of the parties. 3 Am Jur 802, Appearances, 14 Am Jur 365, 380, 381, Courts. Whether a court has jurisdiction of the subject-matter is dependent upon whether, under the constitution and laws, the court has authority to hear and determine causes of the general class to which the particular cause belongs. "Jurisdiction of the subject-matter is the power to deal with the general subject involved in the action. It can be given only by law and cannot be conferred by consent." Wright v. State, 16 Ga App 216, 84 SE 975; Woodward v. Ruel, 355 Ill 163, 188 NE 911, 913; State ex rel. Furstenfeld v. Nixon (Mo) 133 SW 340, 342. If the law gives the court jurisdiction of the subject-matter, jurisdiction of the parties may be conferred by consent. 3 Am Jur 803, Appearances; 14 Am Jur 386, 387, Courts; State ex rel. Furstenfeld v. Nixon, supra; Brown v. Brown, 155 Tenn 530, 296 SW 356, supra; Dexter & Carpenter v. Kunglig Jarnvagsstyrelsen (CCA2d) 43 F(2d) 705, 707.

The district court by the express provisions of the constitution is vested with jurisdiction to try and determine causes of the class and nature of the one involved here. This jurisdiction is embodied in the constitution and may not be limited or restricted by the legislature. State ex rel. Wright v. Barney, 133 Neb 676, 276 NW 676.

If it be true that a defendant who has not been served with legal process by invoking the aid of the court in a matter affecting the pro-

ceedings in the action, such, for instance, as a demand that a non-resident plaintiff be required to furnish security for costs (Benoit v. Revoir, 8 ND 226, 77 NW 605) or an application for a change of venue (Benson v. Gressel, 40 ND 216, 168 NW 649) confers jurisdiction upon a justice court; and that a party by serving and filing a notice of appeal containing a demand for a new trial in the district court vests such court with jurisdiction over his person and over the cause, even though the justice court was wholly without jurisdiction over the person of the appealing party, then it would seem to follow by parity of reasoning that when a defendant appeals from a judgment rendered in a justice court in a case of a class that is within the jurisdiction of the justice court and demands a trial anew in the district court and both the plaintiff and the defendant appear without objection when the case is called for trial in the district court, and the plaintiff so appearing invokes the aid of the district court, and the court takes action in a matter directly affecting the proceedings, that this constitutes a general appearance by the plaintiff in the action in the district court and that such appearance and such invoking of the power of the district court operates to confer upon such court jurisdiction both over the parties and the subject-matter of the action.

Here, the case had been noted upon the calendar as being for trial upon the merits. When it was called for trial, both the plaintiff and the defendant appeared and participated in the proceedings. The plaintiff had previously obtained a written stipulation entitled in the action as pending in the district court. After the case had been called for trial, plaintiff called the attention of the court to the stipulation and moved that the action be amended by adding another party plaintiff. The court granted the application and directed the amendment to be made. The plaintiff did not merely ask the court to refrain from taking action, he specifically asked the court to take affirmative action for the benefit of the plaintiff—action which would not have followed at all if the court had no jurisdiction in the action. The plaintiff became an actor. He specifically invoked the aid of the court in a matter directly pertaining to and affecting the proceedings to be had in the action. Under these circumstances, it seems clear that the plaintiff conferred jurisdiction upon the trial court to try and determine the action

on its merits. " 'There is some difference in the decisions,' said Judge Holmes (Merchants' Heat & Light Co. v. J. B. Clow & Sons, 204 US 286, 51 L ed 488, 27 S Ct 288), 'as to when a defendant becomes so far an actor as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an actor in a proper sense he submits.' "

The district court had jurisdiction of the class of cases to which this action belongs. Hence, it had jurisdiction of the subject-matter of the action, "so that all that was necessary to give such court complete jurisdiction was that it get jurisdiction of the parties." People's Secur. Bank v. Sanderson, 24 SD 443, 453, 123 NW 873, 877. The parties interested in the subject-matter of the action made general appearance, and by invoking the jurisdiction of the court vested the court with jurisdiction the same as though the action had been brought in the district court, and the parties had appeared at a time set by the court for trial, and the same proceedings had then been had as were had here. Ramsdell v. Duxberry, 17 SD 311, 96 NW 132; Wrolson v. Anderson, 53 Minn 508, 55 NW 597; Payne v. Davis, 2 Mont 381; Las Animas County v. Stone, 11 Colo App 476, 53 P 616; Randolph County v. Ralls, 18 Ill 29; Smith v. District Ct. 4 Colo 235; and Danforth v. Thompson, 34 Iowa 243, all supra; Frazier & Crews v. Louisville & N. R. Co. 13 Tenn App 387.

In certain prior decisions (Deardoff v. Thorstensen, 16 ND 355, 113 NW 616, supra, and Aneta Mercantile Co. v. Groseth, 20 ND 137, 127 NW 718, supra) this court ruled that certain acts on the part of the plaintiffs in those cases did not operate to confer jurisdiction upon the district court in appeals from judgments rendered in a justice court. However, in neither of these cases did the plaintiff, as in this case, invoke the aid of the court and ask that it exercise its power and make a ruling which it could make only if it had jurisdiction over the parties and the subject of the action.

The rule that one who invokes the aid of the court in a case in which the court has general jurisdiction thereby confers jurisdiction upon the court to try and determine the action, is not restricted to a defendant. Obviously, it applies as well to a plaintiff. A party—whether plaintiff or defendant—who has prevailed in an action in a justice court cannot

be required to try the action anew in the district court unless an appeal for a trial anew has been taken in the manner provided by law, any more than a party who has not been served with a valid summons as provided by law can be required to submit to the jurisdiction of a justice court, or to the jurisdiction of a district court. Parties, however, may appear voluntarily and submit their controversy to the court, provided the subject-matter thereof is one within the court's jurisdiction. A general appearance for such purpose confers jurisdiction upon the court to try and determine the case although, in the absence of such appearance and submission the court would have been without jurisdiction. Hence, when parties to an action, the subject-matter of which is within the jurisdiction of the justice court, and hence within the original jurisdiction of the district court, appear and invoke the jurisdiction of the district court, the original jurisdiction of the district court attaches and it has jurisdiction to try and determine the case without regard to any defects that may exist in the appellate procedure and without regard to whether there was or was not a valid judgment rendered by the justice court or whether a judgment was rendered at all. Ramsdell v. Duxberry, 17 SD 311, 96 NW 132; Wrolson v. Anderson, 53 Minn 508, 55 NW 597; Payne v. Davis, 2 Mont 381; Las Animas County v. Stone, 11 Colo App 476, 53 P 616; Randolph County v. Ralls, 18 Ill 29; Smith v. District Ct. 4 Colo 235; Danforth v. Thompson, 34 Iowa 243; and Minneapolis St. P. & S. Ste. M. R. Co. v. Stutsman, 31 ND 597, 154 NW 654, all supra; 4 CJS 125 et seq; DeJarnatt v. Marquez, 132 Cal 700, 64 P 1090; Frazier & Crews v. Louisville & N. R. Co. 13 Tenn App 387. Jurisdiction of the subject-matter cannot be conferred upon a court by consent of the parties, nor can want of it be waived. This applies to all courts. It applies as well to the power of a court to try and determine an action in the exercise of original jurisdiction as to the power of an appellate court to review errors of the lower court. But, where an action is instituted in a court having jurisdiction of the subject-matter and an appeal for a trial anew is taken or attempted to be taken from the judgment of such court to a superior court which is vested by law not only with appellate jurisdiction in such action, but vested as well with original jurisdiction of the subject-matter of the action, general appearance by the parties without

objection, coupled with the invoking of the jurisdiction of the court to which the appeal has been taken, brings the action itself within the original jurisdiction of such appellate court and it has full authority to try and determine the issues in the case. Ramsdell v. Duxberry, 17 SD 311, 96 NW 132; Wrolson v. Anderson, 53 Minn 508, 55 NW 597; Payne v. Davis, 2 Mont 381; Las Animas County v. Stone, 11 Colo App 476, 53 P 616; Randolph County v. Ralls, 18 Ill 29; Smith v. District Ct. 4 Colo 235; Danforth v. Thompson, 34 Iowa 243; DeJarnatt v. Marquez, 132 Cal 700, 64 P 1090, and Frazier & Crews v. Louisville & N. R. Co. 13 Tenn App 387, all supra.

When the jurisdiction of a court over the subject-matter and parties has attached by such general appearance and invoking of jurisdiction of the court over the subject-matter, the jurisdiction thus invoked continues until the issues have been finally determined. A party who invokes the jurisdiction of a court cannot later terminate it capriciously. 14 Am Jur 370, Courts; Allen v. Bohner, 54 ND 14, 208 NW 234.

The judgment appealed from is reversed and the district court is directed to set aside the order for a dismissal of the appeal and the judgment rendered thereon and to restore the case to the calendar for further proceedings conformable to law.

MORRIS, Ch. J., and BURR, NUESSLE and BURKE, JJ., concur.